Paula D. Pearlman, State Bar No. 109038
Shawna L. Parks, State Bar No. 208301
Matthew Strugar, State Bar No. 232951
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 252-7406
Facsimile: (213) 736-1428
paula.pearlman@lls.edu
shawna.parks@lls.edu
matthew.strugar@lls.edu

Guy Ruttenberg, State Bar No. 207937
Ali-Reza Boloori, State Bar No. 271489
Jason Kelly, State Bar No. 274144
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
guy.ruttenberg@kirkland.com
ali-reza.boloori@kirkland.com
jason.kelly@kirkland.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MS. WHEELCHAIR CALIFORNIA
PAGEANT, INC., an organization, and
LILLIBETH NAVARRO, an
individual, on behalf of themselves and
all others similarly situated,

                    Plaintiffs,

          v.

STARLINE TOURS OF
HOLLYWOOD, INC., a business
entity,

                    Defendant.

CASE NO.

CV11  02620

CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES FOR
VIOLATIONS OF:

1.  Title III of the Americans with
    Disabilities Act (42 U.S.C. § 12181,
    *et seq.*);
2.  Unruh Civil Rights Act (California
    Civil Code § 51, *et seq.*);
3.  Blind and Other Physically Disabled
    Persons Act (California Civil Code
    § 54, *et seq.*);
4.  Unfair Competition Law (California
    Business and Professions Code
    § 17200, *et seq.*).

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1.   The claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*) ("ADA"), among other state claims for relief, such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343.  Through the same actions and omissions that form the basis of Plaintiffs' federal claims, Defendant has also violated Plaintiffs' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 65.

2.   Venue over Plaintiffs' claims is proper in the Central District of California under 28 U.S.C. § 1391 because: i) the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the District; ii) Plaintiff Navarro resides in the District; and iii) Defendant is located within the District.

## INTRODUCTION

3.   Starline Tours of Hollywood, Inc., ("Starline") is one of the largest and oldest tour companies in southern California, offering bus tours of celebrity homes and entertainment and cultural attractions across the region. Starline serves as a gateway to Los Angeles attractions for thousands of tourists and residents each year, transporting people through centers of Los Angeles's celebrity life as wells as to regional attractions including Universal Studios, Disneyland, the John Paul Getty Center, Knott's Berry Farm, SeaWorld, and others.

4.   Starline's tours, however, are not available to all customers. People with disabilities, in particular people who utilize wheelchairs for mobility, are excluded from Starline's services by virtue of Starline's inaccessible tour bus fleet. Instead of relegating people with disabilities to the proverbial back of the bus, Starline does not even let them board.

5.   Plaintiffs Ms. Wheelchair California Pageant, Inc. and Lillibeth Navarro (collectively, "Plaintiffs") were repeatedly denied access to Defendant's tour buses

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  on the basis of their disability. They bring this complaint, on behalf of themselves

2  and all others similarly situated as members of the Class, against Defendant

3  Starline for failing to provide full and equal access to Defendant's goods and

4  services on the basis of disability.

## PARTIES

6      6.  Plaintiff Ms. Wheelchair California Pageant, Inc. ("Ms. Wheelchair

7  California") is a private, non-profit corporation, incorporated under the laws of the

8  State of California.  Its principal place of business is located at 24750 Fair Dawn

9  Lane in Moreno Valley, California 92557. The Ms. Wheelchair California Pageant

10  serves a mission of providing an opportunity of achievement for women who

11  happen to be wheelchair users to successfully educate and advocate for Americans

12  living with disabilities. It advocates on behalf of women who use wheelchairs and

13  represents the interests of individuals with disabilities.  Ms. Wheelchair California

14  is an organization that represents the interests of qualified individuals with a

15  disability within the meaning of the Americans with Disabilities Act as well as

16  state disability statutes as set forth herein.

17      7.  The Ms. Wheelchair California Pageant serves as the California state

18  chapter of the Ms. Wheelchair America Pageant. The Ms. Wheelchair California

19  Pageant is an annual pageant that has a mission of providing an opportunity of

20  achievement for women who happen to be wheelchair users to successfully educate

21  and advocate for the more than 52 million Americans living with disabilities. It is

22  not a beauty pageant in the traditional sense, but is instead a competition based on

23  advocacy, achievement, communication, and presentation to select the most

24  accomplished and articulate spokeswoman for people with disabilities.

25      8.  Plaintiff Lillibeth Navarro is a 55 year old woman with a disability. Ms.

26  Navarro became paralyzed from the neck down as a result of having polio at the

27  age of five-months. Ms. Navarro uses a power wheelchair for mobility.  Ms.

28  Navarro, at all times relevant hereto, was and is an "individual with a disability"

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   within the meaning of the Americans with Disabilities Act as well as state

2   disability statutes as set forth herein.

3       9.  Defendant Starline is a privately owned and operated company located in

4   Los Angeles, California. Starline provides tours and operates tour buses and

5   charter shuttles to major attractions in Hollywood and the greater Los Angeles

6   area. Starline offers more than 30 different tours and serves approximately 1

7   million passengers a year. Starline's buses pick up customers from approximately

8   280 hotels in southern California.

9       10. Among other tours, Defendant Starline offers popular "Hop-on, Hop-off"

10  sightseeing tours that feature double-decker tour buses with both live and recorded

11  narration identifying landmarks and other points of interest. The "Hop-on, Hop-

12  off" sightseeing tours include more than 50 stops in four separate but

13  interconnected loops including, *inter alia*, Hollywood, Beverly Hills, Santa

14  Monica, Universal City, and downtown Los Angeles. Defendant operates

15  approximately thirty-eight "Hop-on, Hop-off" daily tours. On information and

16  belief, none of Defendant's "Hop-on, Hop-off tour" buses can accommodate

17  wheelchair users.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

19      11. Defendant Starline's tour buses are inaccessible to people with

20  disabilities who utilize wheelchairs, thereby barring these people from Starline's

21  services.  Starline is in violation of federal and state disability laws by failing to

22  afford people with disabilities who utilize wheelchairs, on the basis of their

23  disability, the opportunity to participate in or benefit from the goods, services,

24  facilities, privileges, advantages, or accommodations afforded to other individuals.

25  Further, on information and belief, Starline fails to provide appropriate training to

26  its employees regarding its legal obligations under relevant federal and state

27  statutes.

28      12. Plaintiff Ms. Wheelchair California serves as the state chapter of the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  nationwide Ms. Wheelchair America organization. Like Ms. Wheelchair

2  California, the Ms. Wheelchair America organization shares a mission of providing

3  an opportunity of achievement for women who happen to be wheelchair users. Ms.

4  Wheelchair American holds an annual pageant where the various state-level

5  winners compete to be the selected nationwide Ms. Wheelchair America

6  representative. The selected representative must be able to communicate both the

7  needs and the accomplishments of her constituency to the general public, the

8  business community, and the legislature.

9      13. The Ms. Wheelchair America annual national titleholder has numerous

10  duties, including promoting awareness of the need to eliminate architectural and

11  attitudinal barriers, and informing the able-bodied public of the achievements of

12  the millions of people with disabilities across the nation. One of Ms. Wheelchair

13  America's promotional duties includes participation in the annual Rose Parade in

14  Pasadena, California on New Year's Day. Ms. Wheelchair America's trip to

15  California and participation in the Rose Parade are organized by Plaintiff Ms.

16  Wheelchair California.

17      14. Ruthee Goldkorn serves as the Executive Director of Plaintiff Ms.

18  Wheelchair California. In late 2006, in preparation for the Ms. Wheelchair

19  America titleholder's trip to southern California to participate in the January 1,

20  2007 Rose Parade, Ms. Goldkorn called Defendant Starline in the hopes of

21  booking a tour of Los Angeles for Ms. Wheelchair America. Ms. Goldkorn was

22  told that Defendant Starline's tour buses could not accommodate people who use

23  wheelchairs.

24      15. Ms. Goldkorn called again the following year. This time, the

25  representative for Defendant referred Ms. Goldkorn to the Hollywood Chamber of

26  Commerce, but did not provide any accessible services.

27      16. In late 2009, Ms. Goldkorn again called Defendant in an attempt to

28  arrange a tour for Ms. Wheelchair America during her trip to southern California

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   for the January 1, 2010 Rose Parade. This time the representative for Defendant
2   told Ms. Goldkorn that Starline's standard tours could not accommodate Ms.
3   Wheelchair America, but suggested she attempt to arrange a charter bus through
4   Starline. Ms. Goldkorn was transferred to another person who organized charter
5   tours, who then told Ms. Goldkorn that none of Starline's charter buses could
6   accommodate Ms. Wheelchair America either.

7       17. On information and belief, representatives for Defendant misrepresent
8   the accessibility of Starline's tours. For example, Ms. Goldkorn called Defendant's
9   information telephone line again in November of 2010 and inquired about the
10  accessibility of a number of Defendant's tours, including the "Hop-on, Hop-off"
11  tour. The representative for Starline assured Ms. Goldkorn that each of the tour
12  buses Ms. Goldkorn inquired about was accessible to wheelchair users. However,
13  when an associate of Ms. Goldkorn's (who also uses an electric wheelchair) later
14  attempted to purchase a ticket to the "Hop-on, Hop-off" tour in person at a Starline
15  kiosk, the ticket agent stated the "Hop-on, Hop-off" buses could not accommodate
16  wheelchairs and refused to sell her a ticket.

17      18. As a result of the above facts, Plaintiff Ms. Wheelchair California has
18  been unable to utilize Defendant Starline's services. Since 2007, Plaintiff Ms.
19  Wheelchair California has been unable to organize a Los Angeles tour for the Ms.
20  Wheelchair America titleholder during her trip to southern California to participate
21  in the annual Rose Parade, thus foregoing tourist and entertainment opportunities
22  synonymous with a trip to Hollywood.  Defendant's inaccessible tour buses
23  relegate Plaintiffs and class members to the status of second-class citizens.

24      19. Plaintiff Lillibeth Navarro has similarly been denied access to Defendant
25  Starline's tour buses because of her disability. In 2010, Ms. Navarro was showing
26  her sister, who was visiting from Canada, around Hollywood. They attempted to
27  purchase tickets for a tour from the Starline kiosk at the Hollywood and Highland
28  complex. The ticket agent informed Ms. Navarro that the buses could not

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   accommodate her wheelchair and that she could not take a tour unless she was able

2   to get out of her wheelchair and get herself onto the tour bus.

3      20. These problems are longstanding. As early as 2003, Ms. Navarro

4   attempted to use Starline's services and was told that Starline's buses could not

5   accommodate her wheelchair.

6      21. While Plaintiffs Ms. Wheelchair California and Ms. Navarro have been

7   deterred from accessing Defendant Starline's services, Plaintiffs intend to access

8   Defendant Starline's tours once they are assured that the service is fully accessible

9   to people with mobility disabilities.

10      22. As a result of Defendant Starline's repeated refusal to provide

11   reasonable accommodations to Ms. Navarro and the Ms. Wheelchair America

12   titleholders and associates, Defendant Starline has violated the Americans with

13   Disabilities Act, and analogous state nondiscrimination statutes, designed to

14   prohibit unfair treatment of people with disabilities.

## CLASS ALLEGATIONS

16      23. This action has been brought, and may be properly maintained, under

17   Federal Rules of Civil Procedure 23(a)(1)-(4), 23(b)(2).

18      24. Plaintiffs bring this action on behalf of themselves and all others

19   similarly situated as members of the Class initially defined as: All persons with

20   mobility disabilities who, because of their disabilities, are denied physical access to

21   Defendant Starline's services. This class action is brought for the purpose of

22   obtaining declaratory and injunctive relief only. Plaintiffs seek damages for

23   themselves only.

24      25. Plaintiffs and the Class they represent are informed, believe, and thereon

25   allege that Defendant Starline has failed and continues to fail to comply with the

26   ADA and analogous state statutes.

27      26. Plaintiffs and the Class they represent are informed, believe, and thereon

28   allege that Defendant Starline has not adopted and does not enforce appropriate

1   policies and procedures to ensure that goods, services, facilities, privileges,

2   advantages, and accommodations comply with these statutes to ensure

3   nondiscrimination against persons with disabilities and equal access.

4       27. Plaintiffs and the Class they represent are informed, believe, and thereon

5   allege that Defendant Starline has failed and continues to fail to provide its

6   employees with appropriate training regarding their legal obligations under

7   relevant federal and state statutes.

8       28. The violations of the ADA and related California state statues set forth

9   in detail have injured all members of the proposed class and violated their rights.

10       29. The requirements of Rule 23 of the Federal Rules of Civil Procedure are

11   met with regard to the proposed class in that:

12       a. <u>Numerosity</u>: Fed. R. Civ. P. 23(a)(1): The class is so numerous that

13         it would be impractical to bring all class members before the

14         Court. The size of the class likely numbers in the thousands.

15       b. <u>Existence of Common Questions of Law and Fact</u>: Fed. R. Civ. P.

16         23(a)(2): Common questions of law and fact exist as to all Class

17         members. These common legal and factual questions include, but

18         are not limited to the following:

19         i. Whether Defendant Starline is violating Title III of the

20           ADA, 42 U.S.C. § 12181, *et seq.*, by failing to make its

21           goods, services, facilities, privileges, advantages, and

22           accommodations accessible to and useable by persons with

23           disabilities and otherwise discriminating against persons

24           with disabilities, or by failing to ensure full and equal

25           enjoyment of specified public transportation services

26           provided by a private entity primarily engaged in the

27           business of transporting people, as set forth above;

28         ii. Whether Defendant Starline is violating California Civil

Code § 51, *et. seq.* by failing to provide full and equal accommodations, advantages, facilities, privileges, or services to individuals with disabilities or otherwise by violating the ADA;

iii.   Whether Defendant Starline is violating California Civil Code § 54, *et. seq.* by failing to provide full and free access to Defendant Starline's services to individuals with disabilities or otherwise by violating the ADA;

iv.   Whether Defendant Starline is violating California Business and Professions Code sections 17200, *et seq.*, by appealing to, advertising to, and purporting to serve all people, while failing to provide full and equal accommodations, advantages, facilities, privileges, or services to individuals with disabilities in violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181, *et seq.*), the Unruh Civil Rights Act (California Civil Code § 51, *et seq.*), the Blind and Other Physically Disabled Persons Act (California Civil Code § 54, *et seq.*), and public policy.

c.   Typicality: Fed. R. Civ. P. 23(a)(3): Plaintiffs' claims for declaratory and injunctive relief are typical of the claims of the Class, as Plaintiffs suffered and continue to suffer injury because Defendant Starline's services are unlawfully inaccessible to Plaintiffs on the basis of disability.

d.   Adequacy of Representation: Fed. R. Civ. P. 23(a)(4): Plaintiffs will fairly and adequately represent common class interests, as their interest does not conflict with the interest of the Class members they seek to represent.  Plaintiffs are also represented by counsel experienced in class actions and the disability rights issues

1  in this case.

2  e. <u>Appropriateness of Injunctive or Declaratory Relief</u>: Fed. R. Civ.

3  P. 23(b)(2): Defendant has acted or refused to act on grounds

4  generally applicable to the class.  Final injunctive relief or

5  declaratory relief is appropriate, respecting the Class as a whole.

6  ## FIRST CAUSE OF ACTION

7  ### Title III of the Americans with Disabilities Act

8  ### 42 U.S.C. §§ 12181, *et. seq.*

9  30. Plaintiffs incorporate by reference each and every allegation contained in

10  the foregoing paragraphs.

11  31. Congress enacted the ADA upon finding, among other things, that

12  "society has tended to isolate and segregate individuals with disabilities" and that

13  such forms of discrimination continue to be a "serious and pervasive social

14  problem."  42 U.S.C. § 12101(a)(2).

15  32. In response to these findings, Congress explicitly stated that the purpose

16  of the ADA is to provide "a clear and comprehensive national mandate for the

17  elimination of discrimination against individuals with disabilities" and "clear,

18  strong, consistent, enforceable standards addressing discrimination against

19  individuals with disabilities."  42 U.S.C. § 12101(b)(1)-(2).

20  33. Title III of the ADA states that "No individual shall be discriminated

21  against on the basis of disability in the full and equal enjoyment of the goods,

22  services, facilities, privileges, advantages, or accommodations of any place of

23  public accommodation by any person who owns, leases (or leases to), or operates a

24  place of public accommodation."  42 U.S.C. § 12182(a).

25  34. The ADA provides, *inter alia,* that it is discriminatory to subject an

26  individual or class of individuals on the basis of a disability "to a denial of the

27  opportunity of the individual or class to participate in or benefit from the goods,

28  services, facilities, privileges, advantages, or accommodations of an entity."  42

1  U.S.C. § 12182(b)(1)(A)(i).

2      35. The ADA further provides that it is discriminatory "to afford an

3  individual or class of individuals, on the basis of a disability . . . with the

4  opportunity to participate in or benefit from a good, service, facility, privilege,

5  advantage, or accommodation that is not equal to that afforded to other

6  individuals" and to fail "to make reasonable modifications in policies, practices, or

7  procedures, when such modifications are necessary to afford such goods, services,

8  facilities, privileges, advantages, or accommodations to individuals with

9  disabilities, unless the entity can demonstrate that making such modifications

10  would fundamentally alter the nature of such goods, services, facilities, privileges,

11  advantages, or accommodations."  42 U.S.C. §§ 12182(b)(1)(A)(ii), 12182

12  (b)(2)(A)(ii).

13      36. The ADA also prohibits the imposition or application of eligibility

14  criteria that screen out or tend to screen out an individual with a disability or any

15  class of individuals with disabilities from fully and equally enjoying any goods,

16  services, facilities, privileges, advantages, or accommodations of the public

17  accommodation.  42 U.S.C. §§ 12182(b)(1)(A)(ii), 12182(b)(2)(A)(i).

18      37. Further, Title III of the ADA specifically prohibits private entities from

19  discriminating against individuals with disabilities in the provision of

20  transportation services. It provides, *inter alia*, that "[n]o individual shall be

21  discriminated against on the basis of disability in the full and equal enjoyment of

22  specified public transportation services provided by a private entity that is

23  primarily engaged in the business of transporting people and whose operations

24  affect commerce." 42 U.S.C. § 12184(a). "Specified public transportation" means

25  "transportation by bus, rail, or any other conveyance (other than by aircraft) that

26  provides the general public with general or special service (including charter

27  service) on a regular and continuing basis." 42 U.S.C. § 12181(10).

28      38. Discrimination under 42 U.S.C. § 12184 includes application of

1   discriminatory eligibility criteria, 42 U.S.C. § 12184(b)(1); failure to make

2   reasonable modifications, provide auxiliary aids and services, or remove barriers,

3   42 U.S.C. § 12184(b)(2)(A)-(C); and the purchase or lease of an over-the-road bus

4   that does not comply with the regulations issued under § 12186(a)(2). 42 U.S.C. §

5   12184(b)(4)(A).

6       39. Moreover, § 12182(b)(2)(B) prohibits discrimination in the operation of

7   fixed route bus systems. The ADA and applicable regulations define a fixed route

8   system as "a system of providing transportation of individuals (other than by

9   aircraft) on which a vehicle is operated along a prescribed route according to a

10  fixed schedule." 42 U.S.C. § 12181(4); *see also* 49 C.F.R. § 37.3.

11      40. Section 12182(b)(2)(B) provides: "It shall be considered discrimination

12  for a private entity which operated a fixed route system... to purchase or lease a

13  vehicle with a seating capacity in excess of 16 passengers (including the driver) for

14  use on such a system... that is not readily accessible to and usable by individuals

15  with disabilities, including individuals who use wheelchairs." 42 U.S.C. §

16  12182(b)(2)(B)(i). For buses carrying 16 people or less, § 12182(b)(2)(B) requires

17  that a fixed route operator "operate such a system so that, when viewed in its

18  entirety, such a system ensures a level of service to individuals with disabilities,

19  including individuals who use wheelchairs, equivalent to the level of service

20  provided to individuals without disabilities." 42 U.S.C. § 12182(b)(2)(B)(ii).

21      41. Defendant Starline's acts and omissions alleged herein are in violation of

22  the ADA, 42 U.S.C. sections 12181, *et seq.*, and the regulations promulgated

23  thereunder.

24      42. As a public accommodation and provider of transportation services,

25  Starline is also prohibited from discriminating against individuals with disabilities

26  pursuant to 42 U.S.C. § 12182. Starline's tour buses fall under the broad definition

27  of public accommodations. 42 U.S.C. §12181(7).

28      43. Starline is subject to 42 U.S.C. § 12184. Starline's bus tours are clearly

1  specified public transportation insofar as Starline offers "transportation by bus...
2  that provides the public with a general or special service... on a regular and
3  continuing basis." 42 U.S.C. § 12181(10). Starline is also clearly a private entity
4  primarily engaged in the business of transporting people. 42 U.S.C. § 12184(a).
5  Starline also operates fixed-route transportation systems because at least some of
6  its tours have prescribed routes and stops, as well as fixed tour start times,
7  locations, and durations. Moreover, Starline's tours affect interstate commerce
8  since, *inter alia*, Starline's tours attract customers from different States. Starline
9  also offers tours that cross state lines.

10  44. Plaintiff Ms. Wheelchair California, as an organization that advocates on
11  behalf of women who use wheelchairs, is an organization that represents the
12  interests of qualified individuals with a disability within the meaning of the ADA.

13  45. Plaintiff Lillibeth Navarro is a qualified individual with a disability
14  within the meaning of the ADA. 42 U.S.C. § 12102.

15  46. Defendant Starline's conduct constitutes ongoing and continuous
16  violations of the ADA and, unless restrained from doing so, Defendant Starline
17  will continue to violate these laws. This conduct, unless enjoined, will continue to
18  inflict injuries for which Plaintiffs have no adequate remedy at law. Consequently,
19  Plaintiffs are entitled to injunctive relief pursuant to the ADA. 42 U.S.C. §
20  12188(a).

21  47. Plaintiffs are also entitled to reasonable attorneys' fees and costs under
22  the ADA. 42 U.S.C. § 12205.

### SECOND CAUSE OF ACTION

### Unruh Civil Rights Act

### California Civil Code § 51, *et seq.*

26  48. Plaintiffs incorporate by reference each and every allegation contained in
27  the foregoing paragraphs.

28  49. California's Unruh Civil Rights Act prohibits Defendant Starline's

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   discrimination against individuals with disabilities. Section 51 of the California

2   Civil Code provides, in relevant part:

> All persons within the jurisdiction of this state are free
> and equal, and no matter what their … disability … are
> entitled to the full and equal accommodations,
> advantages, facilities, privileged, or services in all
> business establishments of every kind whatsoever.  Cal.
> Civ. Code § 51(b).

8   50. The Unruh Act provides that "[a] violation of the right of any individual

9   under the Americans with Disabilities Act … shall also constitute a violation of

10   this section." Cal. Civ. Code § 51(f).

11   51.As set forth above, Defendant Starline discriminated against Plaintiffs

12   based on disability, by instituting policies that discriminate against people with

13   mobility disabilities.

14   52.As set forth above, Defendant Starline discriminated against Plaintiffs

15   based on disability, by instituting policies that discriminate against people with

16   mobility disabilities.

17   53.Defendant Starline's actions constitute a violation of the Americans with

18   Disabilities Act.

19   54. Plaintiff Ms. Wheelchair California, as an organization that advocates on

20   behalf of women who use wheelchairs, is an organization that represents

21   individuals with disabilities that limit a major life activity within the meaning of

22   the Unruh Civil Rights Act. Cal. Civ. Code § 51(e)(1); Cal. Gov't. Code

23   §12926(k).

24   55. Plaintiff Navarro is an individual with a disability that limits a major life

25   activity within the meaning the Unruh Civil Rights Act. Cal. Civ. Code § 51(e)(1);

26   Cal. Gov't. Code §12926(k).

27
28   56. Starline is a business establishment operating in California, and is

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

subject to the Unruh Civil Rights Act. Cal. Civ. Code § 51(b).

57. As a direct and proximate result of Defendant Starline's conduct, Plaintiffs have suffered damages and other harm.

58. As such, Plaintiffs are entitled to general and special damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) for each and every offense. Cal. Civ. Code § 52(a), (e). Plaintiffs are also entitled to attorneys' fees. Cal. Civ. Code §§ 52(a), (e), 52.1(h).

59. Plaintiffs are also entitled to declaratory and injunctive relief and attorneys' fees. Cal. Civ. Code § 52.1(b).

### THIRD CAUSE OF ACTION
### Blind and Other Physically Disabled Persons Act
### California Civil Code § 54, *et seq.*

60. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

61. Through the acts and omissions described herein, Defendant has violated and continues to violate California Civil Code § 54, which states that "[i]ndividuals with disabilities or medical conditions have the same rights as the general public to the full and free use of public services." Moreover, [i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to … facilities …and other places to which the general public is invited." Cal. Civ. Code § 54.1(a)(1).

62. Under California Civil Code § 54(c), a violation of the ADA also constitutes a violation of California Civil Code § 54, *et seq.*

63. Plaintiff Ms. Wheelchair California, as an organization that advocates on behalf of women who use wheelchairs, is an organization that represents individuals with disabilities as defined in California Civil Code § 54(b) (1) and California Government Code § 12926.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

64. Plaintiff Lillibeth Navarro is a person with a disability as defined in California Civil Code § 54(b) (1) and California Government Code § 12926.

65. Defendant Starline owns and operates tour buses, which are motorbuses for public transportation, which are regulated by the Blind and Other Physically Disabled Persons Act. Cal. Civil Code § 54.1(a)(1).

66. By failing to provide accommodations to passengers with disabilities and thereby denying people with disabilities full access to the benefits and services of its buses, Defendant Starline is violating California Civil Code § 54, *et seq.*

67. Under California Civil Code § 54, *et seq.*, Plaintiffs are entitled to injunctive relief, and attorneys' fees and costs.  Pursuant to California Civil Code § 54(c), Defendant Starline is also liable to Plaintiffs for no less than $1000 for every violation of California Civil Code § 54, *et seq.*, or three times actual damages, and for injunctive relief, attorneys' fees, and costs incurred in this action.

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION LAW

### California Business and Professions Code § 17200

68. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

69. Defendant Starline's conduct, as alleged, is part of its general business practice. Defendant made a considered decision to promote patronage at the expense of Defendant Starline's legal obligations to patrons with mobility disabilities.

70. Defendant Starline's policies and practices constitute an unlawful, unfair, fraudulent, and/or deceitful business act or practice within the meaning of California Business and Professions Code sections 17200, *et seq.*, in that, *inter alia*, Defendant Starline appeals to, advertises, and purports to serve all people, including persons with mobility disabilities, yet its practices and policies are unlawful, discriminatory, and violate Title III of the Americans with Disabilities

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   Act (42 U.S.C. § 12181; 42 U.S.C. § 12182; 42 U.S.C. § 12184, *et seq.*), the Unruh

2   Civil Rights Act (California Civil Code § 51, *et seq.*), the Blind and Other

3   Physically Disabled Persons Act (California Civil Code § 54, *et seq.*), and public

4   policy.

5       71. Defendant Starline's acts and practices also constitute unlawful, unfair,

6   and/or fraudulent business practices in that they are immoral, unethical, oppressive,

7   unscrupulous, or substantially injurious to Plaintiffs and Class members.

8       72. Plaintiffs have suffered injury as a result of Defendant Starline's unfair

9   and illegal business policy, including, but not limited to, being denied access to

10  Defendant Starline's services and generally being relegated to second-class citizen

11  status on account of disability.

12      73. Based on the foregoing, Plaintiffs seek injunctive relief to remedy the

13  unfair business practices described herein.

14                      **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiffs pray for relief as follows:

16      1)  A declaration that Defendant Starline violated the ADA and its

17  implementing regulations, the Unruh Civil Rights Act, the Disabled Persons Act,

18  and California Business and Professions Code section 17200, *et seq.*, by failing to

19  provide full and equal enjoyment of its goods and services to Plaintiffs;

20      2)  A permanent injunction against Defendant including, but not limited to,

21  the following:

22          a.  Order Defendant Starline to cease all action against individuals with

23             mobility impairments that have the effect of discrimination on the

24             basis of their disability;

25          b.  Order Defendant Starline to modify its tour buses or otherwise

26             purchase accessible tour buses to ensure compliance with Federal and

27             state disability rights statutes;

28          c.  Order Defendant Starline to train all employees to provide access to

its services to people with mobility impairments as provided by
Federal and state disability rights statutes;

    d. Retain jurisdiction over Defendant Starline until such time as the
Court is satisfied that Defendant Starline's unlawful practices, acts,
and omissions complained of herein no longer exist and will not
occur.

   3) An award of compensatory, statutory, exemplary and punitive damages
to the named Plaintiffs in an amount according to proof;

   4) An award of Plaintiffs' attorneys' fees and all costs incurred in bringing
this action pursuant to applicable law; and

   5) Such other relief as the Court deems just and fair.

DATED:  March 29, 2011          Respectfully Submitted,


By: _____
      Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38 on all issues and claims for which Plaintiff is entitled to a jury trial.

DATED:  March 29, 2011                    Respectfully Submitted,

By:  _____
     Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV11- 2620 JFW (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and [SEE ATTACHMENT]

*Plaintiff*

v.

STARLINE TOURS OF HOLLYWOOD, INC., a business entity,

*Defendant*

)
)
)
)
)
)
)
)

**CV11  02620  JFW (CWx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paula D. Pearlman, Shawna L. Parks, Matthew Strugar, DISABILITY RIGHTS LEGAL CENTER, 919 Albany Street, Los Angeles, CA 90017
Tel: (213) 252-7405; Fax: (213) 736-1428 -and-
Guy Ruttenberg, Ali-Reza Boloori, Jason Kelly, KIRKLAND & ELLIS LLP, 333 South Hope Street, Los Angeles, CA 90071
Tel: (213) 680-8400; Fax: (213) 680-8500

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**CHRISTOPHER POWERS**

Date:  03/29/2011

*Signature of Clerk or Deputy Clerk*

1181

MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and LILLIBETH NAVARRO, an individual, on behalf of themselves and all others similarly situated,

        Plaintiffs,

    v.

STARLINE TOURS OF HOLLYWOOD, INC., a business entity,

        Defendant.

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and LILLIBETH NAVARRO, an individual, on behalf of themselves and all other similarly situated. | DEFENDANTS <br> STARLINE TOURS OF HOLLYWOOD, INC., a business entity |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> SEE ATTACHMENT | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 12181 et seq.; Discrimination in providing services to plaintiffs on the basis of their mobility disabilities

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV11   02620

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 29, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Paula D. Pearlman, State Bar No. 109038
Shawna L. Parks, State Bar No. 208301
Matthew Strugar, State Bar No. 232951
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 252-7406
Facsimile: (213) 736-1428
paula.pearlman@lls.edu
shawna.parks@lls.edu
matthew.strugar@lls.edu

Guy Ruttenberg, State Bar No. 207937
Ali-Reza Boloori, State Bar No. 271489
Jason Kelly, State Bar No. 274144
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
guy.ruttenberg@kirkland.com
ali-reza.boloori@kirkland.com
jason.kelly@kirkland.com

Attorneys for Plaintiffs

ATTACHMENT TO CIVIL COVER SHEET