| | |
|---|---|
| 1 | Paula D. Pearlman, State Bar No. 109038 |
| | paula.pearlman@lls.edu |
| 2 | Shawna L. Parks, State Bar No. 208301 |
| | shawna.parks@lls.edu |
| 3 | Rebecca Craemer, State Bar No. 274276 |
| | rebecca.craemer@lls.edu |
| 4 | DISABILITY RIGHTS LEGAL CENTER |
| | 800 South Figueroa Street, Suite 1120 |
| 5 | Los Angeles, CA 90017 |
| | Telephone: (213) 736-1334 |
| 6 | Facsimile: (213) 736-1428 |
| 7 | Guy Ruttenberg, State Bar No. 207937 |
| | guy.ruttenberg@kirkland.com |
| 8 | Ali-Reza Boloori, State Bar No. 271489 |
| | ali-reza.boloori@kirkland.com |
| 9 | Jason Kelly, State Bar No. 274144 |
| | jason.kelly@kirkland.com |
| 10 | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| 11 | Los Angeles, CA 90071 |
| | Telephone: (213) 680-8400 |
| 12 | Facsimile: (213) 680-8500 |

*Attorneys for Plaintiffs and Class Counsel*

GHODS LAW FIRM
Mohammed K. Ghods, State Bar No. 144616
Jeremy A. Rhyne, State Bar No. 217378
2100 N. Broadway, Ste. 300
Santa Ana, CA 92706
Telephone: (714) 558-8580
Facsimile: (714) 558-8579

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and LILLIBETH NAVARRO, an individual, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>        v.<br>STARLINE TOURS OF HOLLYWOOD, INC., a business entity,<br><br>        Defendant. | CASE NO. CV 11-2620-JFW (CWx)<br><br>**DISCOVERY MATTER**<br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL INSPECTION**<br><br>Date:    November 1, 2011<br>Time:    10:00 AM<br>Before:  The Honorable Carla Woehrle<br>Discovery Cut-Off:   January 9, 2012<br>Pre-Trial Conference: March 2, 2012<br>Trial Date:          March 20, 2012 |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL INSPECTION

Plaintiffs Ms. Wheelchair California Pageant, Inc. and Lillibeth Navarro (collectively, "Plaintiffs") filed a motion with this Court to compel Starline Tours of Hollywood, Inc. ("Starline") to permit Plaintiffs' counsel and experts to inspect Starline's vehicles, facilities, and records beginning on November 2, 2011. This Court held a hearing on Plaintiffs' motion on November 1, 2011. Counsel for all parties appeared at the hearing. This Court carefully considered the papers submitted in support of and in opposition to the motion, as well as arguments of counsel at the hearing.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Inspection is GRANTED. The following terms shall govern Plaintiffs' inspection of Starline's vehicles, facilities, and documents:

1. The inspection will begin on November 2, 2011, and will continue day to day, for as long as is needed to inspect all vehicles.
2. The inspection will begin at 5:00 a.m. and continue until 11:00 p.m. each day.
3. All of Starline's vehicles will be inspected, including those that currently do not have any equipment for wheelchair accessibility.
4. Counsel for Starline, prior to the start of the inspection, will provide to Plaintiffs' counsel a list of Starline's vehicles, including the vehicle's model and description, seating capacity (for both ambulatory passengers and wheeled mobility devices), vehicle identification number ("VIN"), license plate number, fleet number, and the accessibility modifications made to it, and at the same time, for each vehicle, will identify the location where it will be housed during November 2-6, 2011. To the extent any scheduling changes require modification to this information, Starline shall notify Plaintiffs as soon as possible.
5. The inspection of each vehicle shall include:
    a. Surveying the exterior and interior;

      b. Testing and measuring each feature and modification (including ramps and lifts);

      c. Photographing and/or videotaping various aspects of the vehicles; and

      d. Inspecting, in detail, features including entryways, landings, aisles, seating, signage, grab bars, and stop request systems.

6. Starline will provide personnel who may operate and move the vehicles for purposes of testing and inspecting, including repositioning the vehicles to allow any features or assistive devices, such as lifts and ramps, to be deployed as they would be during Starline's regular course of business. Plaintiffs are not required to pay any costs Starline may incur during the inspection, including any wages paid to Starline's employees for time spent during Plaintiffs' inspection.

7. Plaintiffs are not required to indemnify or insure Starline for the inspection.

8. Plaintiffs are not required to provide Starline their counsel's or experts' work-product related to the inspection.

9. The inspection of documents and records shall cover those sufficient to identify all of Starline's vehicles, including each VIN, license plate number, and fleet number, as well as the dates and extent of any modifications affecting accessibility that have been made or are planned or expected to be made to any of Starline's vehicles.

This Court overrules Starline's objections to Plaintiffs' First Notice of Inspection. Further, the Court orders Starline to pay Plaintiffs' costs and attorneys' fees associated with Plaintiffs' motion.

1 | **IT IS SO ORDERED.**
2 |
3 | DATED: _____, 2011.        _____
4 |                                                                         The Honorable Carla Woehrle

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL INSPECTION