Paula D. Pearlman, State Bar No. 109038
paula.pearlman@lls.edu
Shawna L. Parks, State Bar No. 208301
shawna.parks@lls.edu
Rebecca Craemer, State Bar No. 274276
rebecca.craemer@lls.edu
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1334
Facsimile: (213) 736-1428

Guy Ruttenberg, State Bar No. 207937
guy.ruttenberg@kirkland.com
Ali-Reza Boloori, State Bar No. 271489
ali-reza.boloori@kirkland.com
Jason Kelly, State Bar No. 274144
jason.kelly@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiffs and Class Counsel*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and LILLIBETH NAVARRO, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

STARLINE TOURS OF HOLLYWOOD, INC., a business entity,

Defendant.

CASE NO. CV 11-2620-JFW (CWx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; [PROPOSED] FIRST AMENDED COMPLAINT**

Before: Hon. John F. Walter
Date: January 23, 2012
Time: 1:30 PM

Discovery Cut-Off: January 9, 2012
Pre-Trial Conference: March 2, 2012
Trial Date: March 20. 2012

## I. INTRODUCTION

In this class action lawsuit, Plaintiffs challenge Defendant Starline Tours of Hollywood, Inc.'s violations of Title III of the Americans with Disabilities Act ("ADA") and analogous state statutes. Plaintiffs seek classwide injunctive relief requiring Starline to make its buses and services accessible to wheelchair and electric scooter users as required by the ADA and analogous state laws, and to cease all acts that discriminate against persons with mobility impairments on the basis of their disability. Because Plaintiffs themselves were denied service by Starline and have therefore never actually ridden on a Starline tour, they were not aware, at the time they filed their Complaint in March 2011, of all of the various ways in which Starline's buses were inaccessible to disabled people. Only after Plaintiffs' expert was permitted (over Starline's objection) to conduct an inspection of Starline's vehicles were Plaintiffs able to obtain information regarding the extent of Starline's violations of the ADA. Under longstanding Ninth Circuit precedent, Plaintiffs have standing, on behalf of themselves and the Class, to challenge the ADA violations revealed in their expert's report, even though Plaintiffs did not personally encounter them.

In August 2011, however, the Ninth Circuit issued a decision suggesting that, while a plaintiff may have Article III standing to challenge certain barriers to access, that plaintiff must also specifically identify in his or her complaint all "barriers that constitute the grounds for a claim of discrimination under the ADA." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). Plaintiffs believe that the *Oliver* decision does not apply to class actions, and courts that have applied *Oliver* have indeed found that it makes little sense to apply this rule in the class action context. Moreover, Plaintiffs believe that the operative complaint here provides adequate notice to Starline under Federal Rule of Civil Procedure 8 that they are challenging not just the refusal to allow disabled people to board Starline buses, but also other aspects of the inaccessibility of Starline's fleet. Nonetheless, out of an abundance of

caution, Plaintiffs now offer to file a First Amended Complaint.

Although the date for amending pleadings has passed, Plaintiffs satisfy the standard required to modify the scheduling order to permit an amendment. While Plaintiffs have been diligent in conducting discovery, Plaintiffs' expert was only recently granted access to Starline's buses in order to conduct an inspection (after Plaintiffs had to move to compel the inspection after Starline's refusal to allow it). That inspection, which was only completed in November 2011, revealed various ADA violations on board those few Starline buses that do contain some accessibility features (like ramps, lifts and securements).

Because Plaintiffs believe that undisputed facts entitle them to judgment as a matter of law, Plaintiffs have filed a motion for summary judgment concurrently with this motion. In the event this Court finds that *Oliver* requires Plaintiffs to specifically identify all of the ADA violations at issue in their Complaint, Plaintiffs request that the schedule be modified and that they be granted leave to file a First Amended Complaint. A copy of the proposed First Amended Complaint is attached as Exhibit A to this Memorandum. A redline copy of the proposed First Amended Complaint, showing the changes from and additions to the original Complaint, is also attached as Exhibit B to this Memorandum. *See* Declaration of Ali-Reza Boloori in support of Plaintiffs' Motion to Modify Scheduling Order and for Leave to File First Amended Complaint ("Boloori Decl.") ¶¶ 14–15.

## II. BACKGROUND

Plaintiffs first filed this action on March 29, 2011 after they were refused access to Starline's tour services. The Complaint alleges that Starline "fail[s] to provide full and equal access to Defendant's goods and services on the basis of disability." Dkt. No. 1 ¶ 5. Plaintiffs seek, on behalf of the class, to remedy all ADA violations that render Starline's buses "inaccessible to people with disabilities who utilize wheelchairs." *Id.* ¶ 11.

The Court entered a scheduling order on June 10, 2011, which set a deadline of

August 9, 2011 to amend the pleadings, and required that any motion seeking leave to amend be filed by June 30, 2011.[1] Dkt. No. 19. By the time the scheduling order was entered, Plaintiffs had already begun to conduct discovery about Starline's fleet of vehicles, but were stonewalled by Starline, who refused to answer any of this discovery on the basis that Plaintiffs had supposedly committed a "blatant rule violation" by serving interrogatories three days before the Rule 26(f) conference. Boloori Decl., Ex. 1 at 2; Ex. 2 at 2. Even after Plaintiffs pointed out that this Court's standing order expressly permits (and in fact encourages) such early discovery, Starline still refused to provide discovery responses, forcing Plaintiffs to resort to a motion to compel. *Id.* ¶¶ 3–6; Dkt. Nos. 49–53. Only after Plaintiffs filed their motion did Starline provide any substantive responses, but even those responses were inadequate. *Id.* ¶ 7. The Court ultimately granted Plaintiffs' motion to compel further discovery responses. *Id.* ¶ 8; Dkt. No. 64.

Once Plaintiffs had obtained some discovery about Starline's fleet, Plaintiffs noticed an inspection of Starline's vehicles in order to determine whether, and to what extent, the vehicles complied with the requirements of the ADA. Starline obstructed that effort as well. Although Starline initially agreed to permit an inspection of the fleet, Starline then backtracked, imposing onerous conditions on any inspection, including that Plaintiffs could only inspect the buses during a two-hour window on a Tuesday, that Plaintiffs would have to pay Starline's employees' wages for any time spent at the inspection, and that Plaintiffs would have to procure insurance in order to conduct the inspection. *See* Dkt. No. 70 ¶¶ 16–17, 19. Plaintiffs were once again forced to resort to a motion to compel to conduct a meaningful inspection, a motion that Judge Woehrle again granted. Dkt. No. 82; Boloori Decl. ¶ 11. Because of

---

[1] Plaintiffs moved for class certification on June 28, 2011 as required by the scheduling order, and on July 28, 2011, this Court certified a class of "[a]ll persons who use wheelchairs or electric scooters for mobility who are denied physical access to Starline Tours of Hollywood, Inc.'s services on the basis of disability." Dkt. No. 57 at 5.

Starline's refusal to cooperate, the inspection did not proceed until November 2-4, 2011. Boloori Decl. ¶ 12.

It took several weeks for Plaintiffs' expert to fully analyze the results of the inspection, which covered approximately 150 vehicles. The expert completed his original expert report on November 15, 2011, before providing an amended report on November 30, 2011, pursuant to this Court's Order of November 14, 2011. Dkt. No. 89.[2] The report revealed that even the small number of buses in Starline's fleet that contain some purported accessibility features are not ADA-compliant, and in some cases actually create safety hazards for people with disabilities. Thus, not only does Starline refuse to provide access to disabled customers like Plaintiffs, but even where it has made some effort to comply with the ADA on some of its vehicles, the ramps, lifts, and securement areas fall short of what the ADA requires. Moreover, the expert report confirmed that most of Starline's fleet has no accessibility features whatsoever.

Based in part on this expert report, Plaintiffs will be moving for summary judgment on all causes of action. In the event this Court believes, however, that an amendment is necessary under *Oliver* to provide Starline even more specific notice that Plaintiffs and the Class are challenging all ADA violations that render Starline's buses inaccessible to wheelchair and electric scooter users, Plaintiffs now also move to modify the scheduling order and file a First Amended Complaint.

## III. ARGUMENT

Plaintiffs' argument proceeds below in two parts. First, Plaintiffs discuss the Ninth Circuit's recent decision in *Oliver*, and explain why that decision should not apply in the class action context. Second, Plaintiffs explain why, if this Court determines that *Oliver* does in fact apply, leave to amend the complaint to include the specific ADA violations identified in Plaintiffs' expert report should be granted.

---

[2] This Order became available to the parties on November 15, 2011.

**A. The Ninth Circuit's Decision In *Oliver* Should Not Be Read To Impose More Specific Pleading Requirements In ADA Class Actions Like This One.**

In *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), the plaintiff brought an individual lawsuit against Ralphs Grocery Company, alleging that a Food4Less store in Chula Vista contained 18 specific architectural barriers that violated the ADA and prevented him from enjoying the goods and services on offer. *Id.* at 905-06. The plaintiff made the strategic decision not to include various other known barriers in his complaint, instead waiting until after the deadline to amend pleadings had passed before moving for leave to modify the schedule and for leave to amend the complaint. *Id.* at 906, n.7. The district court denied the motion for leave to amend, finding that the plaintiff had not demonstrated good cause to modify the scheduling order. *Id.* at 906. The plaintiff later included in his expert report several of the additional barriers, which were not included in the complaint. *Id.*

The district court granted summary judgment in favor of defendants, and in doing so refused to consider the barriers that were mentioned in the plaintiff's expert report, but not included in the complaint. The Ninth Circuit affirmed. While recognizing that "a disabled plaintiff who has encountered at least one barrier at a facility can sue to remove all the barriers at the facility related to his specific disability," the Court noted that this principle applied to Article III standing, not to the separate pleading requirements of Rule 8. *Id.* at 909. The court clarified that, for purposes of notice pleading under Rule 8, "a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself," and that disclosure in the expert report alone does not suffice. *Id.*

District courts have since questioned whether *Oliver*, an individual action, also requires specific allegations in the class action context, where, as here, plaintiffs are bringing claims not only on behalf of themselves, but also thousands of absent class members. In *Moeller v. Taco Bell Corp.*, --- F. Supp. 2d ----, 2011 WL 4634250

(N.D. Cal. Oct. 5, 2011), for example, the court rejected the argument that *Oliver* required more specific allegations in a class action complaint, noting that "[t]o apply the reasoning in *Oliver* to a class action would arguably vitiate Federal Rule of Civil Procedure 23. . . . While the named plaintiffs know which barriers they encountered, they do not necessarily know which of the barriers that existed at the time the suit was filed posed a problem for the unnamed class members." *Id.* at *18. That reasoning applies with even greater force here, where the named Plaintiffs were denied access to Starline's vehicles, and could only obtain through discovery, information about ADA violations within the vehicles that may have been encountered by members of the Class.

Other courts have also expressed skepticism that *Oliver* applies to class action complaints. In *Gray v. Golden Gate Nat'l Recreational Area*, --- F. Supp. 2d ----, 2011 WL 5573466 (N.D. Cal. Nov. 15, 2011), for example, the Court noted that:

> This Court is skeptical that *Oliver*'s pleading requirement for an individual action should be extended mechanically to class action pleadings such as the one at issue. That approach would seem to convert a class action complaint, intended as a vehicle for streamlining the aggregation of multiple individuals' similar claims, into an unwieldy pleading that is anything but a "short and plain statement of the claim." Fed. R. Civ. Proc. 8(a)(2). Plaintiffs seeking class-wide relief to address pervasive access barriers, lack of program access and deficient policies across several locations rooted in overarching common deficiencies in plans and policies would face a daunting task, as the class representatives might not know the details of each deficiency at the outset. The result would be that the more pervasive and egregious the violations due to a fundamental refusal to comply with disability rights obligations, the higher the pleading hurdle would be.

*Id.* at *6; *see also Vallabharpurapu v. Burger King Corp.*, --- F.R.D. ----, 2011 WL 4903116, at *3 n.1 (N.D. Cal. Oct. 14, 2011) (noting that "*Oliver* is distinguishable as an individual action, as opposed to the putative class action pled here"). But the *Gray* court, unsure of the reach of *Oliver* and "in an abundance of caution," nonetheless ordered the plaintiffs to amend their complaint to cure any possible deficiency in Rule 8 notice. *See Gray*, 2011 WL 5573466, at *10.

Moreover, Plaintiffs' initial Complaint very clearly stated that Defendant Starline's fleet of buses was inaccessible, thus putting Defendants on notice of the essential barrier at issue in the case. *See* Dkt. No. 1 ¶¶ 11, 24, 26, 29(b)–(c), 61, 66. The only additional information that could be provided via amendment is the precise nature in which those buses that purport to be accessible, are in fact not compliant with the ADA, including such things as improper restraint placement, improper ramp slope and width, and other specific compliance issues. However, such technical detail need not be in the complaint to put Defendant on notice here of the violation at issue—namely, that people who use wheelchairs and scooters cannot, or cannot safely, ride its vehicles.

In the event this Court finds that *Oliver* applies, and that Plaintiffs' operative complaint should provide additional detail regarding the specific compliance issues uncovered by discovery, Plaintiffs request leave to file a First Amended Complaint. Below, Plaintiffs explain why they meet the standard for modifying the scheduling order and permitting them to amend their complaint.

**B. If This Court Finds That Amendment Is Required Here, Plaintiffs Meet The Standard For Obtaining Leave To Amend.**

Generally, Federal Rule of Civil Procedure 15(a) governs whether a motion for leave to amend pleadings should be granted. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). Once the deadline for amending pleadings passes, however, Rule 16(b) applies, because the court must modify the scheduling order to permit any amendment. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Because the deadline for amending pleadings here was August 9, 2011, Plaintiffs must therefore demonstrate "good cause" for amending their complaint under Rule 16(b)(4), as well as showing that amendment is proper under Rule 15(a).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While the court may also consider the "existence or degree of

prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. *Id.* "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

There is good cause here to allow Plaintiffs to file a First Amended Complaint. First, while Plaintiffs have been diligent throughout this case in their attempts to conduct discovery, their efforts have been hampered by Starline at every turn. Plaintiffs had to file two motions to compel to obtain the discovery they needed about Starline's fleet, first to obtain basic information about Starline's vehicles, and then to conduct the actual inspection of those vehicles. (Plaintiffs have had to file other motions to compel on other discovery issues as well.) Because of the delays imposed by Starline's refusal to comply with its discovery obligations, it took until November 2011 before Plaintiffs were able to obtain and analyze data from the inspection of Starline's buses, several months after the date to amend pleadings had passed. Once Plaintiffs obtained the results of the inspection, they promptly met and conferred with Starline as required by local rules, and then filed this motion. Boloori Decl. ¶ 13. Plaintiffs have demonstrated diligence, and they should be permitted to file an amended complaint if this Court considers it necessary.

In addition, the Ninth Circuit's decision in *Oliver* was issued on August 17, 2011, again after the date for moving to amend had passed. Before *Oliver* issued, Ninth Circuit authority suggested that Plaintiffs did not have to specifically lay out every ADA violation in their complaint in order to satisfy the notice pleading requirements of Rule 8. *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007).

Moreover, Starline would not be prejudiced by the amendment Plaintiffs propose. They have been on ample notice since the filing of this lawsuit that Plaintiffs and the Class challenge not only the outright refusal to allow disabled people to access

Starline vehicles, but the inaccessibility of the vehicles generally. *See* Dkt. No. 1 ¶¶ 11, 24, 26, 29(b)–(c), 61, 66. Indeed, if the broad language of the Complaint, or the discovery Plaintiffs have conducted into the accessibility features of Starline's vehicles were not enough to put Starline on notice, the fact that Plaintiffs sought for months to conduct an inspection of Starline's entire fleet of vehicles should have sufficed. Permitting an amendment at this stage would simply allow Plaintiffs to conform the pleadings to the proof uncovered during discovery. Indeed, were this Court to allow Starline to avoid liability for the various continuing ADA violations on its vehicles, it would reward Starline for its persistent discovery abuses, which prevented these ADA violations from coming to light sooner.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that, if this Court determines that the Ninth Circuit's recent decision in *Oliver* requires an amendment to the Complaint, that Plaintiffs be granted leave to file the First Amended Complaint attached to this Motion.

DATED: December 23. 2011 Bv: */s/ Ali-Reza Boloori*

Paula D. Pearlman
Shawna L. Parks
Rebecca Craemer
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Suite 1120
Los Angeles, CA 90017
Tel: (213) 736-1334

Guy Ruttenberg
Ali-Reza Boloori
Jason Kelly
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Tel: (213) 680-8400

*Attorneys for Plaintiffs and Class Counsel*