Paula D. Pearlman, State Bar No. 109038
paula.pearlman@lls.edu
Shawna L. Parks, State Bar No. 208301
shawna.parks@lls.edu
Rebecca A. Craemer, State Bar No. 274276
rebecca.craemer@lls.edu
DISABILITY RIGHTS LEGAL CENTER
800 South Figueroa Street, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1334
Facsimile: (213) 736-1428

Guy Ruttenberg, State Bar No. 207937
guy.ruttenberg@kirkland.com
Ali-Reza Boloori, State Bar No. 271489
ali-reza.boloori@kirkland.com
Jason Kelly, State Bar No. 274144
jason.kelly@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiffs and Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and LILLIBETH NAVARRO, an individual, on behalf of themselves and all others similarly situated,

                Plaintiffs,

    v.

STARLINE TOURS OF HOLLYWOOD, INC., a business entity,

                Defendant.

CASE NO. CV 11-2620-JFW (CWX)

**STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**

Hearing Date:     January 23, 2012
Hearing Time:     1:30 p.m.
Judge:   The Honorable John F. Walter
Courtroom:      Courtroom 16
Discovery Cut-Off:   January 9, 2012
Pre-Trial Conference:   March 2, 2012
Trial Date:     March 20, 2012

Pursuant to Local Rule 56-2, Plaintiffs Ms. Wheelchair California Pageant, Inc. ("Ms. Wheelchair California") and Lillibeth Navarro (collectively, "Plaintiffs") submit the following Statement of Genuine Issues of Material Fact, with Plaintiffs' section *italicized*:

| ALLEGEDLY UNDISPUTED FACT | DEFENDANT' S EVIDENCE |
|---|---|
| 1.  Plaintiffs filed their class action complaint for declaratory and injunctive relief and damages on March 29, 2011. | Complaint, page 1 (Exhibit 1 to the Declaration of William A. Stahr) ("Stahr Declaration")  <br><br> *Plaintiffs' Section:* <br> *Plaintiffs do not dispute this statement of fact.* |
| 2.  Plaintiffs allege claims for violations of: 1) Title III of the Americans with Disabilities Act, 2) Unruh Civil Rights Act (California Civil Code § 51, *et seq.*), 3) Blind and Other Physically Disabled Persons Act (California Civil Code § 54, *et seq.*), and 4) Unfair Competition Law (California Business and Professions Code § 17200, *et seq.*). | Complaint, page 1, lines 20-26 (Exhibit 1 to Stahr Declaration)  <br><br> *Plaintiffs' Section:* <br> *Plaintiffs dispute this statement of fact. Plaintiffs do not currently allege a violation of the Unfair Competition Law.  See Dkt. No. 57 at 4-5.  Moreover, Plaintiffs' Proposed Amended Complaint does not allege any violation of the Unfair Competition Law.  See Dkt. Nos. 112-14.* |
| 3.  Defendant Starline Tours of Hollywood, Inc. ("Starline") is a privately-owned company that for many years has been offering | Complaint, page 2, lines 15-21; page 4, lines 3-15 (Exhibit 1); Deposition of Shoeleh Sapir, page 55, line 25-page 57, line 16; page 70, line 1-page 71, line 15 (Exhibit 3) |

| | |
|---|---|
| multiple sightseeing tours in and around Los Angeles, California, including its famed Movie Stars' Homes tour and its Hop-On, Hop-Off tours, among several others. | (Exhibits 1, 3 to Stahr Declaration)<br><br>*Plaintiffs' Section*:<br>*Plaintiffs do not dispute that Starline is a privately-owned company that offers sightseeing tours in and around Los Angeles, California.  Plaintiffs dispute the remainder of this statement of fact because it is unsupported by any cited admissible evidence.*<br>*Plaintiffs object to the remainder of this statement of fact on the ground that it is hearsay that does not fall within any exception.* |
| 4.   The vast majority of Starline's passengers are tourists who book their tours in advance through independent tour companies and travel agencies located throughout the world.  Others book online through Starline's website, from a hotel concierge, or buy their tickets in persons at a Starline location. | Deposition of Ms. Sapir, page 102, line 5-page 104, line 21; page 105, line 2-page 106, line 2<br>(Exhibit 4 to Stahr Declaration)<br><br>*Plaintiffs' Section*:<br>*Plaintiffs dispute this statement of fact on the ground that Starline also permits passengers of the Hop-on, Hop-off Tour to purchase tickets on-board the tour vehicles.  Stahr Decl., Ex. 4 (Sapir Dep. 105:18-21).  Further, able-bodied passengers may ride Starline's tours without booking tours in advance.  E.g.,* |

| | | |
|---|---|---|
| | | *Kelly Decl., Ex. 48 (Slaughter Dep. 129:25-130:15).* |
| | | *Plaintiffs object to this statement of fact on the ground that it is hearsay that does not fall within any exception.* |
| 5. | Starline has been providing its tour services to disabled persons, including wheelchair users, for several years prior to the filing of the instant lawsuit. | Complaint, page 2, lines 15-21 (Exhibit 1); Deposition of Ms. Sapir, page 110, line 25-page 113, line 22; page 117, lines 19-25 (Exhibit 5) (Exhibits 1, 5 to Stahr Declaration) |
| | | *Plaintiffs' Section:* |
| | | *Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion. Further, Starline's denials of service to Plaintiffs evidences Starline's failures to provide tour services to people with disabilities for years. E.g., Dkt. Nos. 1, 23, 25, 26, 46. Likewise, Starline's denials of service to members of the certified class evidences Starline's failures to provide tour services to people with disabilities for years. Kelly Decl., Ex. 50 (Navarro Dep. 157:14-158:7).* |
| | | *Plaintiffs object to this statement of fact on the ground that it is hearsay that does not fall within any exception.* |

| 6. Starline's fleet currently comprises over 70 vehicles, including vans, double-decker buses, and trolleys.  Many of these possess either a lift or a ramp that enables a wheelchair user to board such vehicle while remaining seated in their wheelchair.  Starline also has access to dozens of transit buses owned by an affiliate that each possess a lift that enables a wheelchair users to board the vehicle while remaining seated in their wheelchair.  Starline can use any of these transit buses if the need arises. | Deposition of Ms. Sapir, page 125, line 1-page 128, line 10; page 141, lines 9-14, 21-24; page 143, line 3-page 144, line 9; page 146, lines 1-9; page 153, lines 13-25; page 154, line 23-page 155, line 24; Declaration of Stahr, ¶ 43; Deposition of Ms. Sapir, page 226, line 14-page 227, line 6 Exhibit 6 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs dispute this statement of fact.  Starline concedes that the vast majority of its vehicles used for tours do not have any accessibility features on them.  Kelly Decl., Exs. 45, 46.  And even those vehicles that have lifts or ramps on them are not accessible under the ADA because they have inadequate securement locations and systems that are necessary to safely accommodate passengers with disabilities.  Dkt. No. 136, Ex. 22 (Report ¶¶ 117-88,Exs. F, I).  Further, Starline only uses a few of these "dozens" of "accessible" transit buses (Kelly Decl., Exs. 49 (Farhadi Dep. 92:1-6),48(Slaughter Dep. 14:24-15:1)) for transit purposes only (Kelly Decl., Ex. 48 (Slaughter Dep. 26:5-9)), and the remainder of the vehicles it uses from its* |

| | | |
|---|---|---|
| | | *sister company are admittedly not accessible (Kelly Decl., Ex. 48 (Slaughter Dep. 22:20-25)).  Most noteworthy, however, is that Starline does not even regard these dozens of transit vehicles as vehicles it uses for its tour services.  See Kelly Decl., Exs. 45-46 (listing the fleet of vehicles Starline uses to provide tour services, but not including the aforementioned "accessible" transit buses).*<br><br>*Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  Specifically, the cited (inadmissible) evidence does not indicate that "Starline can use any of these transit buses if the need arises."*<br><br>*Plaintiffs object to this statement of fact on the ground that it is hearsay that does not fall within any exception.* |
| 7. | Over a year prior to the filing of this action, Starline had already initiated plans to add more wheelchair accessible vehicles to its fleet. | Deposition of Ms. Sapir, page 165, line 8-page 166, line 9; page 167, lines 10-19; page 170, lines 2-19<br>(Exhibit 7 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Starline did not make any modifications affecting the wheelchair accessibility of its* |

| | | |
|---|---|---|
| | | *Hop-on, Hop-off Tour vehicles until after Plaintiffs filed their complaint in March 2011. Kelly Decl., Ex. 45 (indicating that ramps on the vehicles were installed after March 2011). Starline did not begin to provide any training relating to handling customers with disabilities to its employees that were not drivers until Plaintiffs filed their complaint. Kelly Decl., Ex.47 (Sapir Dep. 180:6-25). Moreover, Starline did not begin to provide any information to the public about Starline's policy for handling passengers with disabilities until months after Plaintiffs filed their complaint.  See Kelly Decl., Ex. 47 (Sapir Dep. 212:12-16; 212:22-213:9). Plaintiffs object to this statement of fact on the ground that it is hearsay that does not fall within any exception.* |
| 8. | Plaintiffs Ms. Wheelchair California Pageant, Inc. ("Ms. Wheelchair CA") is a non-profit corporation based in Moreno Valley, California that advocates on behalf of women with disabilities who use wheelchairs. | Complaint, page 3, lines 6-13 (Exhibit 1 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
| 9. | Ms. Ruthie Goldkorn, a former Ms. Wheelchair California, has | Deposition of Ruthie Goldkorn, page 13, line 24-page 14, line 11; page 55, line 14-page 56, |

| | |
|---|---|
| served as the Executive Director of Ms. Wheelchair CA since 2002.  Ms. Goldkorn is the only person from Ms. Wheelchair CA who had contact with Starline, and all of those communications were over the phone. | line 19; page 77, lines 14-22 (Exhibit 8 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute that Ms. Ruthee Goldkorn is a former-Ms. Wheelchair California titleholder and has served as the Executive Director of Ms. Wheelchair California since 2002.  Plaintiffs dispute the remainder of this statement of fact.  Ms. Laura Williams also contacted Starline on behalf of Ms. Wheelchair California, and she did this in-person.  Kelly Decl., Ex. 51 (Goldkorn Dep. 109:8-110:7; 112:1-113:9); Dkt. No. 23 ¶ 20; Dkt No. 26.  Ms. Williams was denied service by Starline because she used a wheelchair.  Kelly Decl., Ex. 51 (Goldkorn Dep. 109:8-110:7; 112:1-113:9); Dkt. No. 23 ¶ 20; Dkt No. 26.* |
| 10.  Ms. Goldkorn also owns a business named No Barriers Disabled Access Consulting and Advocacy Services, which she started in 1995. | Deposition of Ms. Goldkorn, page 46, line 22-page 47, line 20 (Exhibit 10 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact. Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |

| | |
|---|---|
| 11. Ms. Goldkorn has been an advocate for people with disabilities since 1995. She considers her career and main focus in life to be promoting the rights of disabled people. | Deposition of Ms. Goldkorn, page 48, line 4- page 49, line 17 (Exhibit 10 to Stahr Declaration) *Plaintiffs' Section:* *Plaintiffs do not dispute that Ms. Goldkorn is an advocate for people with disabilities, and that she has owned a company since 1995 that provides consulting services regarding compliance with building codes. Plaintiffs dispute the balance of this statement of fact because the cited evidence does not support Starline's assertion.* *Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 12. Prior to filing this lawsuit on behalf of Ms. Wheelchair CA, Ruthie Goldkorn, as an individual plaintiff, filed in excess of 45 lawsuits related to the rights of wheelchair users. | Deposition of Ms. Goldkorn, page 14, line 19- page 15, line 10; page 16, lines 13-16; page 17, line 21-page 18, line 9; page 28, line 20- page 32, line 1; page 62, line 15-page 63, line 8 (Exhibit 11 to Stahr Declaration) *Plaintiffs' Section:* *Plaintiffs dispute this statement of fact. One, Ms. Wheelchair California is the named plaintiff in this action; Ms. Goldkorn did not file this lawsuit on behalf of Ms. Wheelchair* |

| | |
|---|---|
| | *California.  See Dkt. No. 1 (cover sheet); see also Kelly Decl., Ex. 51 (Goldkorn Dep. 110:21-111:3).  Two, "around 40" of these lawsuits were filed in small claims court and concerned access denied to Ms. Goldkorn; she has been a named plaintiff in a non-small claims court case only between "six and eight" times.  Stahr Decl., Ex. 11 (Goldkorn Dep. 29:9-15).  Three, some of the cases wherein Ms. Goldkorn was a plaintiff were personal injury cases.  Stahr Decl., Ex. 11 (Goldkorn Dep. 15:6-10; 16:13-16; 29:11-25); Kelly Decl., Ex. 51 (Goldkorn Dep. 19:22-20:6).* |
| | *Plaintiffs object to this statement of fact on the grounds that it is irrelevant and unfairly prejudicial.  Plaintiffs also object to this statement as improper character evidence.* |
| 13.  Ms. Goldkorn has also encouraged other disabled people to file lawsuits, having written the following comment on the PatriciaEBauer.com website in December 2008: "Would be actors with disability need to start showing up in droves at casting calls and actors | Deposition of Ms. Goldkorn, page 113, line 12-page 115, line 17 (Exhibit 12 to Stahr Declaration) |
| | *Plaintiffs' Section:* |
| | *Plaintiffs do not dispute that Ms. Goldkorn has encouraged people with disabilities to apply for job opportunities and seek relief if they are subject to unlawful discrimination* |

| | |
|---|---|
| workshops and extra casting offices, be turned away or be forced to accept non compliant facilities and file employment discrimination complaints." | *due to their disabilities. Plaintiffs dispute the balance of this statement of fact because the cited evidence does not support Starline's assertion.* <br><br> *Plaintiffs object to this statement of fact on the grounds that it is irrelevant and unfairly prejudicial. Plaintiffs also object to this statement as improper character evidence.* |
| 14. Ms. Goldkorn has never been on a Starline bus, and has never been the Hollywood and Highland Complex with the specific purpose of trying to book a Starline tour. | Deposition of Ms. Goldkorn, page 59, lines 7-8; page 106, line 24-page 107, line 8 (Exhibit 13 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs do not dispute this statement of fact.* |
| 15. In November 2006, Ms. Goldkorn telephoned Starline and made "a general inquiry" about Starline's tours and whether its vehicles were accessible to wheelchair users. She had no specific tour or date in mind and does not recall what specific question(s) she asked. It was "fact finding." | Deposition of Ms. Goldkorn, page 69, line 1-page 71, line 9; page 74, lines 10-20; page 76, lines 2-22 (Exhibit 14 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs dispute this statement of fact. Ms. Goldkorn telephoned Starline with the specific intent to gather information about the tours Starline provided and the accessibility of those tours in hopes of scheduling a tour for Ms. Wheelchair California in late-December 2006. Stahr Decl., Ex. 14* |

| | |
|---|---|
| | *(Goldkorn Dep. 69:12-21; 70:11-18); Dkt. No. 23 ¶ 12.  Ms. Goldkorn recalls asking Starline, "Are your tours and vehicles wheelchair accessible?"  Stahr Decl., Ex. 14 (Goldkorn 70:6-10).* |
| 16.  Ms. Goldkorn does not know and has no evidence to establish whether any of the tour vehicles she generally inquired about in 2006 was a "new vehicle," as that term is defined in ADA regulations. | Deposition of Ms. Goldkorn, page 69, line 1-page 71, line 9; page 74, lines 10-20; age 76, lines 2-22 (Exhibit 14); page 92, line 19-page 93, line 11 (Exhbit 15) (Exhs. 14, 15 to Stahr Declaration) *Plaintiffs' Section: Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that were purchased as "new," and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs also object to this statement of fact on the ground that it is irrelevant, and the question posed was overbroad and vague.* |
| 17.  Ms. Goldkorn does not know and has no evidence to establish whether any of the tour vehicles she generally inquired about in 2006 had been modified or | Deposition of Ms. Goldkorn, page 69, line 1-page 71, line 9; page 74, lines 10-20; page 76, lines 2-22 (Exhibit 14); page 92, line 19-page 93, line 11 (Exhibit 15) (Exhs. 14, 15 to Stahr Declaration) |

| | |
|---|---|
| remanufactured, as those terms are defined in ADA regulations. | *Plaintiffs' Section:*<br><br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured. Plaintiffs object to this statement of fact because the cited evidence does not support Starline's assertion.  The cited evidence addresses neither vehicles that were modified or remanufactured, nor Ms. Goldkorn's knowledge of such vehicles. Plaintiffs object to this statement of fact on the ground that it is irrelevant, and the question posed was overbroad and vague.* |
| 18.  Ms. Goldkorn called Starline again in 2007 and made the same "general inquiry."  She had no specific tour or date in mind and does not recall what specific question(s) she asked.  Nor did she ask about any particular vehicle. | Deposition of Ms. Goldkorn, page 77, line 23-page 79, line 10; page 84, lines 3-17; page 86, lines 5-9<br>(Exhibit 16 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs object to this statement of fact.  Ms. Goldkorn called Starline in November 2007 to determine whether Starline could* |

| | |
|---|---|
| | *accommodate wheelchair users, including herself, Ms. Wheelchair California, and possibly Ms. Wheelchair America.  Stahr Decl., Ex. 16 (Goldkorn Dep. 77:23-79:10; 79:18-23); Kelly Decl., Ex. 51 (Goldkorn Dep. 81:7-10).  Ms. Goldkorn recalls asking Starline about its wheelchair accessibility, to which the Starline employee Ms. Goldkorn was speaking with said "No."  Kelly Decl., Ex. 51 (Goldkorn Dep. 83:7-25).  Ms. Goldkorn was also told by the Starline employee that she should contact the Hollywood Chamber of Commerce.  Kelly Decl., Ex. 51 (Goldkorn Dep. 83:7-25); Dkt. No. 23 ¶ 13.  The Hollywood Chamber of Commerce told Ms. Goldkorn that it did not know why Starline referred her to the Chamber.  Dkt. No. 23 ¶ 13.* |
| 19.  Ms. Goldkorn does not know and has no evidence to establish whether any of the tour vehicles she generally inquired about in 2007 was a "new vehicle," as that term is defined in ADA regulations. | Deposition of Ms. Goldkorn, page 77, lines 23-page 79, line 10; page 84, lines 3-17; page 86, lines 5-9 (Exhibit 16); page 92, lines 18-page 93, lines 11 (Exhibit 15) (Exhs. 15, 16 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact.*<br>*Plaintiffs have evidence of Starline vehicles* |

| | |
|---|---|
| | *that were purchased as "new," and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs do not dispute this statement of fact. Plaintiffs object to this statement of fact on the ground that it is irrelevant, and the question posed was overbroad and vague.* |
| 20.  Ms. Goldkorn does not know and has no evidence to establish whether any of the tour vehicles she generally inquired about in 2007 had been modified or remanufactured, as those terms are defined in ADA regulations. | Deposition of Ms. Goldkorn, page 77, line 23-page 79, line 10; page 84, lines 3-17; page 8, lines 5-9 (Exhibit 16); page 92, line 18-page 93, lines 11 (Exhibit 15)  (Exhs. 15, 16 to Stahr Declaration)  *Plaintiffs' Section:*  *Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured.  Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence addresses neither vehicles that were* |

| | |
|---|---|
| | *modified or remanufactured, nor Ms. Goldkorn's knowledge of such vehicles. Plaintiffs object to this statement of fact on the ground that it is irrelevant, and the question posed was overbroad and vague.* |
| 21.  Ms. Goldkorn called Starline again in November 2009 with the same purpose as the two previous calls in 2006 and 2007. This time Ms. Goldkorn specifically asked about the accessibility of vehicles on Starline's Hop-on, Hop-off tour. Ms. Goldkorn recalls being told that the vehicles were not accessible, but also recalls being told something about a wheelchair accessible van. | Deposition of Ms. Goldkorn, page 87 line 20-page 88, line 10; page 88, lines 17-19; page 89, line 18-page 95, line 6 (Exhibit 17 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact.  Ms. Goldkorn believes someone at Starline may have mentioned a wheelchair accessible van, but recalls that this van was not offered to her.  Stahr Decl., Ex. 17 (Goldkorn Dep. 93:15-19).  Ms. Goldkorn also recalls that she was told the van was not available for the Hop-on, Hop-off Tour, which is the tour she sought to book.  Stahr Decl., Ex. 17 (Goldkorn Dep. 91:3-7; 93:20-94:5).* |
| 22.  Ms. Goldkorn does not know and has no evidence to establish whether any of the tour vehicles she inquired about in 2009 was a "new vehicle," as that term is defined in ADA regulations. | Deposition of Ms. Goldkorn, page 87, line 20-page 88, line 10; page 88, lines 17-19; page 89, line 18-page 95, line 6 (Exhibit 17); page 92, line 18-page 93, line 11 (Exhibit 15) (Exhs. 15, 17 to Stahr Declaration) |

| | |
|---|---|
| | *Plaintiffs' Section:* <br><br> *Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that were purchased as "new," and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs do not dispute this statement of fact. Plaintiffs object to this statement of fact on the ground that it is irrelevant, and the question posed was overbroad and vague.* |
| 23.  Ms. Goldkorn does not know and has no evidence to establish whether any of the tour vehicles she inquired about in 2009 had been modified or remanufactured, as those terms are defined in ADA regulations. | Deposition of Ms. Goldkorn, page 87 line 20-page 88, line 10; page 88, lines 17-19; page 89, line 18-page 95, line 6 (Exhibit 17); page 92, line 18-page 93, line 11 (Exhibit 15) (Exhs. 15, 17 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br><br> *Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured.  Plaintiffs dispute this* |

| | | |
|---|---|---|
| | | *statement of fact because the cited evidence does not support Starline's assertion.  The evidence addresses neither vehicles that were modified or remanufactured, nor Ms. Goldkorn's knowledge of such vehicles.  Plaintiffs object to this statement of fact on the ground that it is irrelevant, and the question posed was overbroad and vague.* |
| 24. | Ms. Goldkorn called Starline again in November 2010 for the same purpose as in 2006, 2007, and 2009.  This time Ms. Goldkorn had the Hop-on, Hop-off tour in mind also but wanted to be flexible because she did not know what her schedule was going to be.  Ms. Goldkorn spoke with a person named Charlene, who indicated that Starline had accessible vehicles and that Ms. Goldkorn just needed to call 24 hours in advance to book the tour.  Ms. Goldkorn did not call later to book a tour for a variety of reasons, none of which had anything to do with the | Deposition of Ms. Goldkorn, page 96, line 1-page 100, line 12 (Exhibit 18 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute that Starline told Ms. Goldkorn "that Starline had accessible vehicles."  Starline did not tell Ms. Goldkorn that any of its regular Hop-on, Hop-off Tour vehicles, including Double-Decker or London-Styled vehicles, were accessible; Starline only stated that it could make available a mini-bus that holds 13 people. Kelly Decl., Ex. 51 (Goldkorn Dep. 102:21-103:6; 104:18-105:1).  Plaintiffs do not dispute the balance of this statement of fact.* |

| | |
|---|---|
| accessibility of Starline's vehicles. | |
| 25. Ms. Goldkorn has not attempted to book any Starline tour since being notified in November 2010 that Starline has tour vehicles that are accessible to wheelchair users. | Deposition of Ms. Goldkorn, page 104, line 18-page 106, line 18 (Exhibit 19 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact, because Ms. Goldkorn directed Ms. Laura Williams of Ms. Wheelchair California to book a Starline tour after speaking with Starline in November 2010.  Kelly Decl., Ex. 51 (Goldkorn Dep. 109:8-110:7; 112:1-113:9); Dkt. No. 23 ¶ 20; Dkt No. 26.  Ms. Laura Williams was denied service by Starline.  Kelly Decl., Ex. 51 (Goldkorn Dep. 109:8-110:7; 112:1-113:9); Dkt. No. 23 ¶ 20; Dkt No. 26.  This statement of fact incorrectly suggests Ms. Wheelchair California did not contact Starline after November 2010.* |
| 26. The only time Ms. Goldkorn and the other named Plaintiff, Ms. Lillibeth Navarro, ever met was at a mediation held in this case. | Deposition of Ms. Goldkorn, page 61, line 25-page 62, line 8 (Exhibit 20 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
| 27. Plaintiff Ms. Lillibeth Navarro is | Complaint, page 3, lines 25-28 (Exhibit 1); |

| | | |
|---|---|---|
| | a disabled individual residing in Los Angeles, California who uses a power wheelchair for mobility. | Deposition of Lillibeth Navarro, page 22, line 15-page 23, line 5 (Exhibit 21) (Exhs. 1, 21 to Stahr Declaration)  *Plaintiffs' Section:* *Plaintiffs do not dispute this statement of fact.* |
| 28. | Ms. Navarro formed a non-profit organization named IHSS Recipients and Providers Sharing ("IRAPS") in 1994, which she led until 2001, when it was renamed Communities Actively Living Independent and Free ("CALIF").  Ms. Navarro has been CALIF's Executive Director from 2001 to the present. | Deposition of Ms. Navarro, page 31, line 15-page 32, line 20; page 34, lines 7-10; page 9, lines 6-20 (Exhibit 22 to Stahr Declaration)  *Plaintiffs' Section:* *Plaintiffs do not dispute this statement of fact.* *Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 29. | From 1994 to the present, Ms. Navarro has been an advocate for the disabled community. | Deposition of Ms. Navarro, page 35, line 3-page 36, line 5 (Exhibit 23 to Stahr Declaration)  *Plaintiffs' Section:* *Plaintiffs do not dispute this statement of fact.* *Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 30. | Prior to filing this lawsuit, Ms. Navarro filed three other | Deposition of Ms. Navarro, page 9, line 1-page 10, line 4; page 11, line 1-page 13, line |

| | |
|---|---|
| lawsuits, two with herself as plaintiff and one with CALIF as plaintiff.  All concerned issues affecting the rights of disabled persons.  Ms. Navarro was also arrested 33 times for civil disobedience and protest-related activities. | 5; page 15, line 19-page 16, line 16; page 163, lines 4-16; page 167, lines -18 (Exhibit 24 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  Ms. Navarro did not file any lawsuit "with CALIF as plaintiff."  Plaintiffs object to this statement of fact on the grounds that it is irrelevant and unfairly prejudicial.  Plaintiffs also object to this statement as improper character evidence.* |
| 31.   Ms. Navarro deems it part of her job duties to seek out problems in transportation services, as they relate to disabled persons, and advocate for change. | Deposition of Ms. Navarro, page 64, line 6-page 65, line 9 (Exhibit 25 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  Ms. Navarro advocates for changes to end discrimination against people with disabilities, but does not believe her "job duties" are to "seek" problems in the transportation industry.  Stahr Decl., Ex. 25 (Navarro Dep. 64:17-24).*<br>*Plaintiffs object to this statement of fact on* |

| | |
|---|---|
| | *the grounds that it is irrelevant and unfairly prejudicial.  Plaintiffs also object to this statement as improper character evidence.* |
| 32.  Ms. Navarro has never been on a Starline bus. | Deposition of Ms. Navarro, page 79, lines 1-9 (Exhibit 26 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
| 33.  Sometime in or around May 2010, Ms. Navarro and her visiting family were in the vicinity of Hollywood Boulevard and Highland.  Ms. Navarro approached a person standing in front of or near a Starline vehicle and asked if she could get on that particular vehicle.  She was told that the vehicle had no lift or ramp and that in order to board it "she had to get off [her] chair, walk up the steps, and have [her] wheelchair folded." | Complaint, page 6, line 2-page 7, line 2 (Exhibit 1); Deposition of Ms. Navarro, page 94, line 2-page 95, line 20; page 96, line 7-page 98, line 2 (Exhibit 27) (Exhs. 1, 27 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact on the ground that Ms. Navarro asked if she could get on Starline's bus, and the Starline employee spoke about the lack of accessibility features on the particular vehicle the employee was standing by.  Stahr Decl., Ex. 27 (Navarro Dep. 97:10-98:2).  Further, Ms. Navarro believes she may have also asked the Starline employee about the wheelchair accessibility of Starline's other vehicles. Stahr Decl., Ex. 27 (Navarro Dep. 98:3-5).* |
| 34.  Ms. Navarro does not know the | Deposition of Ms. Navarro, page 96, lines 12- |

21

| name or the gender of the person she spoke with in or around May 2010, or whether the person wore a uniform. | 20<br>(Exhibit 28 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Ms. Navarro recalls that the Starline employee she spoke with was standing very close to the Starline vehicle and spoke with authority about Starline's vehicles' accessibility, like a Starline employee would. Kelly Decl., Ex. 50 (Navarro Dep. 201:17-202:4).* |
|---|---|
| 35. Ms. Navarro does not know what type or style of vehicle it was, although she does not think it was a double-decker bus. | Deposition of Ms. Navarro, page 96, line 24-page 97 lines 8<br>(Exhibit 29 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Ms. Navarro recalls that the vehicle was "big and bulky," (Kelly Decl., Ex 50 (Navarro Dep. 96:24-25)), was a light color (Kelly Decl., Ex 50 (Navarro Dep. 97:1-4)), and had Starline insignia on it (Kelly Decl., Ex 50 (Navarro Dep. 200:8-201:10)). This "big and bulky" vehicle was a vehicle that resembled "a hotel shuttle or an airport shuttle." Kelly Decl., Ex 50 (Navarro Dep. 204:12-205:12).* |
| 36. Ms. Navarro does not know and | Deposition of Ms. Navarro, page 96, line 24- |

| | |
|---|---|
| has no evidence to establish whether the vehicle she inquired about was a "new vehicle," as that term is defined in ADA regulations. | page 97, line 8<br>(Exhibit 29 to Stahr Declaration)<br><br>*Plaintiffs' Section*:<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that were purchased as "new," and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence does not address whether Ms. Navarro knows whether the vehicle she inquired about in May 2010 was a "new vehicle."*<br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 37.  Ms. Navarro does not know and has no evidence to establish whether the vehicle she inquired about had been modified or remanufactured, as those terms are defined in ADA regulations. | Deposition of Ms. Navarro, page 96, line 24-page 97, line 8<br>(Exhibit 29 to Stahr Declaration)<br><br>*Plaintiffs' Section*:<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured* |

| | |
|---|---|
| | *and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured.  Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence addresses neither vehicles that were modified or remanufactured, nor Ms. Navarro's knowledge of such vehicles. Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 38.  Ms. Navarro does not know what specific tour the vehicle she inquired about was offering, nor did she have any particular tour in mind or care. | Deposition of Ms. Navarro, page 98, line 15-page 99, line 2 (Exhibit 30 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs do not dispute this statement of fact. Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 39.  Ms. Navarro did not ask whether Starline had any other vehicles that could accommodate her or whether she could book a tour for another time. | Deposition of Ms. Navarro, page 98, lines 3-9; page 99, lines 3-5 (Exhibit 30 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs dispute this statement of fact because the cited evidence does not support* |

| | |
|---|---|
| | *Starline's assertion.  Ms. Navarro may have asked the Starline employee whether Starline's other vehicles were wheelchair accessible.  Stahr Decl., Ex. 30 (Navarro Dep. 98:3-5).*<br><br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 40.   Ms. Navarro had not called ahead of time to book the tour. | Deposition of Ms. Navarro, page 96 lines 7-11 (Exhibit 28); page 99, lines 3-5 (Exhibit 30)<br><br>(Exhs. 28, 30 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.*<br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 41.   Ms. Navarro did not ask to speak with a manager. | Deposition of Ms. Navarro, page 98, lines 12-14<br><br>(Exhibit 30 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.*<br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 42.   Neither Ms. Navarro nor anyone in her group purchased a ticket for the tour. | Deposition of Ms. Navarro, page 98, lines 6-11<br><br>(Exhibit 30 to Stahr Declaration) |

|  |  |  |
|---|---|---|
|  |  | *Plaintiffs' Section*: <br> *Plaintiffs do not dispute this statement of fact.* *Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 43. | A couple of months later, in September 2010, Ms. Navarro had essentially the same type of encounter regarding a Starline tour vehicle. | Deposition of Ms. Navarro, page 99, lines 6-19 <br> (Exhibit 30 to Stahr Declaration) <br><br> *Plaintiffs' Section*: <br> *Plaintiffs dispute this statement of fact. Ms. Navarro recalls that, during the September 2010 interaction with Starline, she may also have asked Starline whether it had a separate service available for people with disabilities (similar to the paratransit system used by public transportation entities), to which Starline said, "No." Kelly Decl., Ex. 50 (Navarro Dep. 101:24-102:13).* |
| 44. | As before, Ms. Navarro does not know what specific tour the vehicle she inquired about was offering, nor did she care. She just wanted to get on that vehicle. | Deposition of Ms. Navarro, page 102, lines 14-20 <br> (Exhibit 31 to Stahr Declaration) <br><br> *Plaintiffs' Section*: <br> *Plaintiffs do not dispute this statement of fact.* |
| 45. | As before, Ms. Navarro does not know the name or the gender of | Deposition of Ms. Navarro, page 100, line 24- page 101, line 11 |

| | | |
|---|---|---|
| | the person she spoke with, or whether the person wore a uniform. | (Exhibit 32 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact.  Ms. Navarro recalls that the Starline employee she spoke with was standing very close to the Starline vehicle and spoke with authority about Starline's vehicles' accessibility, like a Starline employee would.  Kelly Decl., Ex. 50 (Navarro Dep. 201:17-202:4).* |
| 46. | As before, Ms. Navarro does not know and has no evidence to establish whether the vehicle she inquired about was a "new vehicle," as that term is defined in ADA regulations. | Deposition of Ms. Navarro, page 101, lines 12-23<br>(Exhibit 32 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that were purchased as "new," and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence does not address whether Ms. Navarro knows that the vehicle she inquired about was a "new* |

| | | |
|---|---|---|
| | | *vehicle."*<br><br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 47. | As before, Ms. Navarro does not know and has no evidence to establish whether the vehicle she inquired about had been modified or remanufactured, as those terms are defined in ADA regulations. | Deposition of Ms. Navarro, page 101, lines 12-23<br><br>(Exhibit 32 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured.  Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence addresses neither vehicles that were modified or remanufactured, nor Ms. Navarro's knowledge of such vehicles. Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 48. | As before, Ms. Navarro did not ask whether Starline had any other vehicles that could accommodate here or whether | Deposition of Ms. Navarro, page 102, lines 21-24<br><br>(Exhibit 31 to Stahr Declaration) |

| | |
|---|---|
| she could book a tour for another time. | *Plaintiffs' Section:*<br><br>*Plaintiffs object to this statement of fact because the cited evidence does not support Starline's assertion.  Specifically, the cited evidence does not suggest "Ms. Navarro did not ask . . . whether she could book a tour for another time."*<br><br>*Plaintiffs dispute this statement of fact on the ground that Ms. Navarro may have asked whether there were other Starline vehicles that could accommodate her.  Stahr Decl., Ex. 31 (Navarro Dep. 102: 21-24).* |
| 49.  As before, Ms. Navarro had not called ahead of time to book the tour. | Deposition of Ms. Navarro, page 100, lines 19-22<br>(Exhibit 32 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact. Plaintiffs also object to this statement as lacking relevance.* |
| 50.  As before, Ms. Navarro did not ask to speak with a manager. | Deposition of Ms. Navarro, page 103, line 21-page 104, line 1<br>(Exhibit 33 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact. Plaintiffs object to this statement of fact on* |

| | |
|---|---|
| | *the ground that it is irrelevant.* |
| 51.  As before, no one in Ms. Navarro's party bought a ticket for the tour. | Deposition of Ms. Navarro, page 104 lines 2-4 (Exhibit 33 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.*<br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 52.  Sometime around July 2003, Ms. Navarro approached a person near a Starline vehicle, asked whether she could get on the vehicle, and was told if she could get out of her chair and walk up the stairs, she could get on the bus.  She does not remember this person's name or gender, or whether they wore a uniform. | Complaint, page 7, lines 3-5 (Exhibit 1); Deposition of Ms. Navarro, page 80, lines 19-23; page 81, lines 7-12; page 82, line 21-page 84, line 24 (Exhibit 34) (Exhs. 1, 34 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact.  Ms. Navarro recalls that the Starline employee she spoke with was standing very close to the Starline vehicle and spoke with authority about Starline's vehicles' accessibility, like a Starline employee would.  Kelly Decl., Ex. 50 (Navarro Dep. 201:17-202:4).* |
| 53.  As with the two encounters in 2010, Ms. Navarro does not recall the exact date of the 2003 encounter, had not booked the | Deposition of Ms. Navarro, page 80, lines 19-23; page 84, lines 7-21; page 88, line 22 to page 93, line 17 (Exhibit 35 to Stahr Declaration) |

| | |
|---|---|
| tour ahead of time, did not ask whether Starline had other vehicles that could accommodate her, and no particular tour in mind, and did not purchase a ticket for the tour. | *Plaintiffs' Section:*<br><br>*Plaintiffs dispute this statement of fact. Ms. Navarro recalls that this occurrence took place in July 2003. Kelly Decl., Ex. 50 (Navarro Dep. 82:22-25). Ms. Navarro called Starline prior to going to Starline's location in order to book a tour for herself and purchase a ticket. Stahr Decl., Ex. 35 (Navarro Dep. 88:22-89:16; 92:8-14). She did not purchase a ticket because the Starline employee told her she would not be able to access the vehicles in her wheelchair. Stahr Decl., Ex. 35 (Navarro Dep. 89:17-90:25). Further, Ms. Navarro called to go on the Movie Stars' Home Tour, as well as possibly other tours. Stahr Decl., Ex. 35 (Navarro Dep. 92:21-25).* |
| 54. As with the two encounters in 2010, Ms. Navarro does not know and has no evidence to establish whether the vehicle she inquired about was a "new vehicle," as that term is defined in ADA regulations. | Deposition of Ms. Navarro, page 85, line 25-page 86, line 14<br>(Exhibit 36 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that were purchased as "new," and have already moved to compel discovery of* |

| | |
|---|---|
| | *documents that would further dispute this statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence does not address Ms. Navarro's knowledge about whether the vehicles she inquired about in 2010 were "new."*<br><br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 55.  As with the two 2010 encounters, Ms. Navarro does not know and has no evidence to establish whether the vehicle she inquired about had been modified or remanufactured, as those terms are defined in ADA regulations. | Deposition of Ms. Navarro, page 85, line 25-page 86, line 14<br>(Exhibit 36 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured.  Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence addresses neither vehicles that were* |

| | | |
|---|---|---|
| | | *modified or remanufactured, nor Ms. Navarro's knowledge of such vehicles. Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 56. | Ms. Navarro initially testified during her deposition that she had no communications at all with Starline between the time of the 2003 encounter and those in 2010.  Later, Ms. Navarro testified that she recalls having two or three encounters with Starline between 2003 and 2010, but she could not remember the dates or many details of the encounters.  As with the other encounters in 2003 and 2010, Ms. Navarro does not know the name or recall the gender of the person she spoke with. | Deposition of Ms. Navarro, page 94, lines 2-7; page 105, line 1-page 113, line 3 (Exhibit 37 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact.  Ms. Navarro testified that she had never called Starline between 2003 and 2010, and she testified that she had, however, contacted Starline between 2003 and 2010.  Stahr Decl., Ex. 37 (Navarro Dep. 105:1-106:1).  Ms. Navarro recalls that each instance during this time period involved classmates from out-of-town coming to Los Angeles, Ms. Navarro accompanying these guests to Hollywood and trying to board Starline's vehicles for tours, and Ms. Navarro speaking with Starline employees about accompanying her guests on the buses.  Stahr Decl., Ex. 37 (Navarro Dep. 107:2-109:10).  On each occasion, Starline's employees told Ms. Navarro that she would need to be able to get herself out of her wheelchair and ascend the vehicle's steps.* |

| | |
|---|---|
| | *Stahr Decl., Ex. 37 (Navarro Dep. 109:10-19).* |
| 57.  As with the other encounters, Ms. Navarro had not called ahead of time to book the tour, did not ask whether Starline had any other vehicles that could accommodate her, and did not purchase a ticket for the tour. | Deposition of Ms. Navarro, page 108, line 25-page 110, line 14 (Exhibit 38 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact on the ground that Ms. Navarro is not sure if she asked Starline if it had other vehicles that could accommodate her; she did not testify that she did not ask Starline.  Stahr Decl., Ex. 38 (Navarro Dep. 109:25-110:3).*<br>*Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion that Ms. Navarro did not purchase a ticket for the tour.* |
| 58.  As with the other encounters, Ms. Navarro does not know and has no evidence to establish whether the vehicles she inquired about were "new vehicle(s)," as that term is defined in ADA regulations. | Deposition of Ms. Navarro, page 110, line 15-page 111, line 19 (Exhibit 39 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact.*<br>*Plaintiffs have evidence of Starline vehicles that were purchased as "new," and have already moved to compel discovery of documents that would further dispute this* |

| | |
|---|---|
| | *statement of fact and would show which Starline vehicles were purchased as "new." Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence does not address whether Ms. Navarro knows whether the vehicles were "new."*<br><br>*Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 59.  As with the other encounters, Ms. Navarro does not know and has no evidence to establish whether the vehicles she inquired about had been modified or remanufactured, as those terms are defined in ADA regulations." | Deposition of Ms. Navarro, page 110, line 15-page 111, line 19<br>(Exhibit 39 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. Plaintiffs have evidence of Starline vehicles that have been modified or remanufactured and have already moved to compel discovery of documents that would further dispute this statement of fact and would show which Starline vehicles were modified or remanufactured.  Plaintiffs dispute this statement of fact because the cited evidence does not support Starline's assertion.  The evidence addresses neither vehicles that were modified or remanufactured, nor Ms. Navarro's knowledge of such vehicles.* |

| | |
|---|---|
| | *Plaintiffs object to this statement of fact on the ground that it is irrelevant.* |
| 60. The Complaint alleges generally that "Plaintiffs intend to access Defendant Starline's tours once they are assured that the service is fully accessible to people with mobility disabilities." | Complaint, page 7, lines 7-9 (Exhibit 1 to Stahr Declaration) *Plaintiffs' Section:* *Plaintiffs dispute this statement of fact on the ground that the evidence cited does not support Starline's assertion—Plaintiffs do not allege this "generally" in their Complaint.* |
| 61. When asked in discovery to identify the specific service(s) offered by Starline that Ms. Wheelchair CA intended to access on the date the complaint was filed in this action, Ms. Wheelchair CA responded as follows: "As of the date Ms. Wheelchair California Pageant, Inc. filed its complaint in this ACTION, Ms. Wheelchair California Pageant, Inc. intended to access any and all tour services offered by Starline, including the Hop-on, Hop-off tour and Movie Stars' Home Tours, that were accessible to | Plaintiffs' First Supplemental Responses to Defendant's First Set of Interrogatories to Plaintiff Ms. Wheelchair California, Interrogatory No. 9; page 4, line 22-page 5, line 5 (Exhibit 40 to Stahr Declaration) *Plaintiffs' Section:* *Plaintiffs dispute this statement of fact on the ground that it is misleadingly incomplete, as Ms. Wheelchair California also stated that it "still intends to access Starline's services once Starline's tours are accessible and in compliance with the requirements imposed by the Americans with Disabilities Act and analogous California statutes." Stahr Decl., Ex. 40 at 4-5.* |

| | |
|---|---|
| people who use wheelchairs or electric scooters for mobility." | |
| 62. When asked in discovery to identify the specific service(s) offered by Starline that Ms. Navarro intended to access on the date the complaint was filed in this action, Ms. Navarro responded as follows: "As of the date Ms. Navarro filed its [sic] complaint in this ACTION, Ms. Navarro intended to access any and all tour services offered by Starline, including the Hop-on, Hop-off tour and Movie Stars' Home Tours, that were accessible to people who use wheelchairs or electric scooters for mobility." | Plaintiffs' First Supplemental Responses to Defendant's First Set of Interrogatories to Plaintiff Lillibeth Navarro, Interrogatory No. 9, page 4, line 19-page 5, line 1 (Exhibit 41 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact on the ground that it is misleadingly incomplete, as Ms. Navarro also stated that she "intends to access Starline's services once Starline's tours are accessible and in compliance with the requirements imposed by the Americans with Disabilities Act and analogous California statutes." Stahr Decl., Ex. 41 at 4-5.* |
| 63. For their first cause of action, Plaintiffs allege that "Starline's acts and omissions alleged herein are in violation of the ADA, 42 U.S.C. § 12181, *et seq.*, and the regulations promulgated thereunder." | Complaint, page 1, lines 21-23 (Exhibit 1 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
| 64. For their second cause of action, | Complaint, page 14, lines 11-18 |

37

| | |
|---|---|
| Plaintiffs allege that "[a]s set forth above, Defendant Starline discriminated against Plaintiffs based on disability, by instituting policies that discriminate against people with mobility disabilities. . . . [and] Starline's actions constitute a violation of the Americans with Disabilities Act." | (Exhibit 1 to Stahr Declaration)  *Plaintiffs' Section*:  *Plaintiffs do not dispute this statement of fact.* |
| 65. For their third cause of action, Plaintiffs allege that "[b]y failing to provide accommodations to passengers with disabilities and thereby denying people with disabilities full access to the benefits and services of its buses, Defendant Starline is violating California Civil Code § 54, *et seq.*" | Complaint, page 16, lines 6-8 (Exhibit 1 Stahr Declaration)  *Plaintiffs' Section*:  *Plaintiffs do not dispute this statement of fact.* |
| 66. The Court dismissed Plaintiffs' fourth cause of action for lack of standing under California Business and Professions Code § 17204 in conjunction with ruling on Plaintiffs' motion for class certification. | Order Granting Plaintiffs' Motion for Class Certification, page 5 (Exhibit 43 to Stahr Declaration)  *Plaintiffs' Section*:  *Plaintiffs do not dispute this statement of fact.* |

| 67. Plaintiffs pray for "[a] declaration that Defendant Starline violated the ADA and its implementing regulations, the Unruh Civil Rights Act, the Disabled Persons Act, and California Business and Professions Code section 17200, *et seq.*, by failing to provide full and equal enjoyment of its goods and services to Plaintiffs." | Complaint, page 17, lines 15-19 (Exhibit 1 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
|---|---|
| 68. Plaintiffs also pray for a permanent injunction ordering Starline to 1) "cease all action against individuals with mobility disabilities that have the effect of discrimination on the basis of their disability;" 2) "modify its tour buses or otherwise purchase accessible tour buses to ensure compliance with Federal and state disability rights statutes;" and 3) "train all employees to provide access to its services to people with mobility impairments as provided by Federal and state disability rights | Complaint, page 17, lines 20-page 18, line 2 (Exhibit 1 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs dispute this statement of fact. The scope of the permanent injunction Plaintiffs pray for includes, but is not limited to, those points identified by Starline. See Dkt. No. 1 at 17-18.* |

| | |
|---|---|
| statutes". | |
| 69. Plaintiffs also pray for an award of compensatory, statutory, exemplary and punitive damages to the named plaintiffs and an award of Plaintiffs' attorneys' fees and all costs incurred in bringing this action. | Complaint, page 18, lines 7-10 (Exhibit 1 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs do not dispute this statement of fact.* |
| 70. Plaintiffs have not amended their complaint, and the last day to do so was August 8, 2011. | Declaration of Stahr, ¶ 44; Scheduling and Case Management Order, page 7, lines 17-22 (Exhibit 42 to Stahr Declaration) <br><br> *Plaintiffs' Section:* <br> *Plaintiffs dispute this statement of fact. The deadline for joining parties and amending pleadings is sixty days from the date of the Court's Scheduling & Case Management Order (i.e. August 9, 2011). Dkt. No. 19. Further, Plaintiffs have already filed with the Court their Motion for Leave to File First Amended Complaint and Motion to Modify Scheduling Order. Dkt. Nos. 112-14.* |
| 71. On July 28, 2011, the Court granted Plaintiffs' Motion for Class Certification and issued its order defining the class as "All persons who use wheelchairs or | Declaration of Stahr, ¶ 45; Order re Class Certification, pages 5 and 8 (Exhibit 43 to Stahr Declaration) <br><br> *Plaintiffs' Section:* |

| | | |
|---|---|---|
| | electric scooters for mobility who are denied physical access to Starline Tours of Hollywood, Inc.'s services on the basis of disability." | *Plaintiffs do not dispute this statement of fact.* |
| 72. | When ruling on Plaintiffs' Motion for Class Certification, the Court ruled that Plaintiff Ms. Wheelchair CA waived any right it may have had to monetary damages in this case. | Declaration of Stahr, ¶ 45; Order re Class Certification, page 5, fn. 2 (Exhibit 43 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
| 73. | Starline's answer included the affirmative defenses that Plaintiffs have failed to state a claim for relief, Plaintiffs lack standing, and Plaintiffs' claims are barred by the applicable statutes of limitation. | Starline's Answer to Complaint, page 10, line 18-page 11, line 6; page 11, lines 22-27 (Exhibit 2 to Stahr Declaration)<br><br>*Plaintiffs' Section:*<br>*Plaintiffs do not dispute this statement of fact.* |
| 74. | *Ms. Wheelchair California still intends to access Starline's services once Starline's tours are accessible and in compliance with the requirements imposed by the Americans with Disabilities Act and analogous California statutes.* | *Plaintiffs' Section:*<br>*Stahr Decl., Ex. 40 at 4-5.* |

| 75. | *Ms. Navarro still intends to access Starline's services once Starline's tours are accessible and in compliance with the requirements imposed by the Americans with Disabilities Act and analogous California statutes.* | <u>Plaintiffs' Section:</u><br>*Stahr Decl., Ex. 41 at 4-5.* |
|---|---|---|
| 76. | *Plaintiffs filed their complaint on March 29, 2011, seeking to remedy Starline's failure "to provide full and equal access to" Starline's series on the basis of disability.* | <u>Plaintiffs' Section:</u><br>*Dkt. No. 1 ¶ 5.* |
| 77. | *Ms. Goldkorn called Starline on behalf of Ms. Wheelchair California in 2006, 2007, and 2009 to arrange a tour for members of Ms. Wheelchair California who use wheelchairs for mobility.* | <u>Plaintiffs' Section:</u><br>*Dkt. No. 46 ¶¶ 2-5.* |
| 78. | *Ms. Goldkorn was told by Starline in 2006, 2007, and 2009 that Starline's tours could not accommodate wheelchair users.* | <u>Plaintiffs' Section:</u><br>*Dkt. No. 46 ¶¶ 2-5.* |
| 79. | *Ms. Laura Williams of Ms. Wheelchair California tried to* | <u>Plaintiffs' Section:</u><br>*Dkt. No. 26 ¶¶ 6-9.* |

| | | |
|---|---|---|
| | *ride a Starline Hop-on, Hop-off Tour in February 2011, but was denied access by Starline because Starline's vehicles were not accessible.* | |
| 80. | *Ms. Laura Williams of Ms. Wheelchair California was told in February 2011 by Starline that she would not get service because she had not reserved a wheelchair van a day in advance, and the Hop-on, Hop-off Tour available to people with disabilities does not use the same route as the regular Hop-on, Hop-off Tour, wheelchair passengers cannot disembark or embark at certain locations, and the tour only runs during two time periods.* | *Plaintiffs' Section:* *Dkt. No. 26 ¶¶ 7-9.* |
| 81. | *Ms. Navarro uses a power wheelchair for mobility because, at the age of five months, she contracted polio and has not been able to walk since.* | *Plaintiffs' Section:* *Dkt. No. 25 ¶ 3.* |
| 82. | *In May 2011, Ms. Navarro tried to take a Starline tour but was* | *Plaintiffs' Section:* *Dkt. No. 25 ¶ 12.* |

| | |
|---|---|
| *told by Starline that none of Starline's Hop-on, Hop-off Tour vehicles were wheelchair accessible.* | |
| 83. *This Court ruled in its July 28, 2011, Order Granting Class Certification, that Plaintiffs had Article III standing because Plaintiffs had been denied service by Starline on the basis of disability and Plaintiffs intended to use Starline's services once Starline's vehicles became accessible.* | <u>*Plaintiffs' Section*</u>*:* *Dkt. No. 57 at 3-5.* |
| 84. *On November 2-4, an expert conducted a physical field inspection of the fleet of vehicles Starline uses to provide tours and services.* | <u>*Plaintiffs' Section*</u> *:* *Dkt. No. 136 ¶ 2.* |
| 85. *Starline has not designated any expert or provided any expert report to rebut any of the expert's findings or opinions.* | <u>*Plaintiffs' Section*</u> *:* *Dkt. Nos. 95; 136 ¶ 8.* |
| 86. *The overwhelming majority of Starline's vehicles do not have any accessibility equipment on them.* | <u>*Plaintiffs' Section*</u> *:* *Dkt. No. 136, Ex. 22; Kelly Decl., Exs. 45, 46.* |

| | | |
|---|---|---|
| 87. | Starline admits that 13 of the vehicles it uses for the Hop-on, Hop-off Tour (#DD304, #DD307, #DD313, #DD315, #DD316, #DD317 , #DD318, #DD320, #888, #DD302, #DD305, #V57, #V58) are not accessible to wheelchair users. | *Plaintiffs' Section:* Dkt. No. 118, Exs. 1, 7 (Farhadi Dep. 120:11-15). |
| 88. | Starline admits that Vehicles # 1-22, 28-29, 1434, 35, 37-41, 44-45, 47-54, 57, 58, 61, 64, 69-71, 76, 80-83, 86-87, and Trolley#1 do not have any accessibility features for wheelchair or electric scooter users. | *Plaintiffs' Section:* Dkt. No. 118, Ex. 2. |
| 89. | The vast majority of Starline's vehicles do not have any wheelchair lifts or ramp equipment on them. | *Plaintiffs' Section:* Dkt. No. 136, Ex. 22 (Exs. E, G, H, J). |
| 90. | The few Starline vehicles that are equipped with wheelchair lifts or ramps are still inaccessible because they have unsafe wheelchair ramps, inadequate securement areas and systems, and lack lap and shoulder restraints, all of which is | *Plaintiffs' Section:* Dkt. No. 136, Ex. 22 (Report ¶¶ 117-88,Exs. F, I). |

| | |
|---|---|
| *explained in 49 C.F.R. Part 38.* | |
| 91. *Ms. Navarro in June 2011, attempted to get on a Starline Tour, and was told by a Starline employee that she had to make advance arrangements to take a tour and that she had to go somewhere to make a tour reservation, which Ms. Navarro was unable to find based on the employee's instructions.* | *Plaintiffs' Section:* <br><br> *Kelly Decl., Ex. 50 (Navarro Dep. 113:15-19; 123:15-21; 129:10-131:4; 132:16-133:12)* |
| 92. *Plaintiffs, in an abundance of caution, moved to amend their pleadings on December 23, 2011, to incorporate the findings of the expert report and allege more particular violations of specific regulations.* | *Plaintiffs' Section:* <br><br> *Dkt. Nos. 112-14.* |
| 93. *Plaintiffs allege in their complaint that Starline is subject to, and in violation of, 42 U.S.C. §§ 12182, 12184.* | *Plaintiffs' Section:* <br><br> *Dkt. No. 1 ¶¶ 30-47.* |
| 94. *The DOJ is investigating Starline for violating the protections afforded to people with disabilities by 42 U.S.C. § 12182.* | *Plaintiffs' Section:* <br><br> *Kelly Decl., Ex. 44.* |

| | |
|---|---|
| 95. *Starline's Hop-on, Hop-off Tour follows a predetermined route and operates on a pre-set schedule.* | <u>Plaintiffs' Section</u>:<br>*Dkt. No. 118, Exs. 3 (Sapir Dep. 65:12-66:1; 353:4-24), 7 (Farhadi Dep. 178:1-7; 178:12-15; 179:1-5; 180:19-22; 194:24-195:2).* |
| 96. *Accessibility issues within Starline's vehicles can be easily remediated at relatively little cost and labor.  For instance, replacing individual seat, shoulder and combination seat and shoulder belts, would cost approximately $40–$208 to replace each individual belt. The floor tracks, or the locking devices required to lock the securements into the vehicle, cost approximately $45–$60 for each track, with individual locks costing $10–$15 each.* | <u>Plaintiffs' Section</u>:<br>*Dkt. No. 136, Ex. 22 (Report ¶¶ 219-20).* |
| 97. *Installation of ramps on Starline's vehicles is "readily achievable," based on Starline's capability to retrofit and actions to retrofit its own buses in-house.* | <u>Plaintiffs' Section</u>:<br>*Dkt. No. 136, Ex. 22 (Report ¶¶ 219-20)* |
| 98. *Plaintiffs have provided Starline notice of the regulations and statutes that Starline is violating* | <u>Plaintiffs' Section</u>:<br>*Kelly Decl., Ex. 52 (Responses to Interr. No. 12).* |

| | |
|---|---|
| *under the ADA.* | |
| 99. *Had the vehicles been accessible in 2003, 2010, or 2011, Ms. Navarro would have bought a ticket and rode the tour.* | <u>*Plaintiffs' Section*</u>: *Kelly Decl., Ex. 50 (Navarro Dep. at 206:1-11).* |
| 100. *Ms. Wheelchair California conducts a pageant every year.* | <u>*Plaintiffs' Section*</u>: *Dkt. No. 23 ¶¶ 4-11* |
| 101. *Ms. Navarro has out-of-state family and friends whom she tries to take on Starline Tours.* | <u>*Plaintiffs' Section*</u>: *E.g., Dkt. No. 25 ¶¶ 11-14* |
| 102. *Starline claims that its vehicles having accessibility features can be used on any of its tours.* | <u>*Plaintiffs' Section*</u>: *Kelly Decl., Ex. 53 at STAR001206.* |
| 103. *Vehicles V40, V41, V44, V45, V48, V49, V51, V75, V76, V80, V81, V82, V83, V84, and V85 were purchased by Starline in "new" condition.* | <u>*Plaintiffs' Section*</u>: *See STAR001654–001734. [Note: Starline has marked these documents as confidential and requires Plaintiffs to file them under seal.]* |

DATED:   December 30, 2011     By:     <u>*/s/ Guy Ruttenberg*</u>

Paula D. Pearlman
Shawna L. Parks
Rebecca Craemer
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Suite 1120
Los Angeles, CA  90017
Tel:  (213) 736-1334

Guy Ruttenberg
Ali-Reza Boloori
Jason Kelly
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Tel:  (213) 680-8400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

*Attorneys for Plaintiffs and Class Counsel*