# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS. WHEELCHAIR CALIFORNIA PAGEANT, INC., an organization, and LILLIBETH NAVARRO, an individual, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br>v.<br>STARLINE TOURS OF HOLLYWOOD, INC., a business entity,<br>                      Defendant. | CASE NO. CV 11-2620-JFW (CWx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Judge:   The Honorable John F. Walter<br>Courtroom:        Courtroom 16 |

      Having considered Plaintiffs' Motion for Final Approval of Class Settlement, the Court grants the Motion. The Court finds that for the reasons stated in Plaintiffs' Memorandum in Support of the Motion, the terms of the August 18, 2014 Settlement Agreement (Dkt. No. 410-1) are fair, reasonable, and adequate. The Settlement Agreement provides meaningful relief to the certified Class, including: requiring Starline to modify forty vehicles in accordance with Plaintiffs' expert's recommendations to improve their accessibility; providing for Plaintiffs' expert to review Starline's training program related to passengers with disabilities, and to make recommendations as to how to improve the program, which Starline will reasonably adopt; and extending the Consent Decree entered into between Starline and the

Department of Justice for an additional two-year period. No objections to the settlement were timely received, and approval of the settlement is supported by the named Plaintiffs and Class Counsel. The Court also determines that the form and method of distributing notice to the class, which were approved in the Court's October 20, 2014 preliminary approval order, satisfied the requirements of Rule 23. The Court thus grants final approval of the Settlement Agreement.

In addition, the Court determines that, for the reasons stated in Plaintiffs' Memorandum in Support of the Motion, an award of fees and expenses at the upper end of the range provided for by the Settlement Agreement is warranted. The Court therefore awards fees and expenses to Plaintiffs' counsel in the amount of $225,000.

The Court will separately enter Judgment dismissing the claims of Plaintiffs and the Class with prejudice.

**IT IS SO ORDERED.**

DATED: February 2, 2015

_____
The Honorable John F. Walter